**Roger CHARTER, Individually and as Assignee, Plaintiff-Appellant,**

v.

**William J. CHLEBORAD, M.D., Defendant-Appellee.**

**No. 76–1558.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1977.

Decided March 22, 1977.

Rehearing Denied April 6, 1977.

---

Robert D. Mullin (argued), and Starr & Starr, Omaha, Neb., on appendix and brief, for plaintiff-appellant.

Ronald H. Stave (argued), and David A. Johnson, Omaha, Neb., on brief, for defendant-appellee.

Before LAY and ROSS, Circuit Judges, and WANGELIN,* District Judge.

PER CURIAM.

This is a diversity action to recover damages for alleged medical malpractice. In June of 1973, plaintiff was struck by a

---

* The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

truck while working as a highway flagman. The accident caused extensive injuries to both of plaintiff's legs. Plaintiff was hospitalized and placed under the care of a general practitioner and defendant, a surgeon. Surgery was performed on both legs. As a result of severe complications plaintiff was transferred to another hospital where both legs were amputated above the knee.

The trial of the matter resulted in a jury verdict for defendant and the district court denied plaintiff's motion for a new trial. Plaintiff presents two issues on appeal. First, plaintiff argues that the district court erred in limiting the cross-examination of a rebuttal witness for the defense. Second, plaintiff objects to an instruction given to the jury relating to causation. We deal first with the evidentiary issue.

Plaintiff offered the testimony of Dr. Joseph Lichtor, M.D., a Kansas City, Missouri orthopedic surgeon. Dr. Lichtor testified as to his opinion of the requisite standard of care defendant should have used when treating plaintiff. He compared the treatment given and concluded that defendant had been negligent. Finally, Dr. Lichtor testified that the cause of the complications and subsequent amputations was defendant's negligence.

As a part of his rebuttal case, defendant offered the testimony of John J. Alder, an attorney from the Kansas City area. Mr. Alder testified that Dr. Lichtor's reputation for truth and veracity in the Kansas City area was bad. On cross-examination Mr. Alder testified that he did some defense work in medical malpractice cases. He also stated that some of his clients in those cases were insurance companies.

Plaintiff's counsel then asked him to name some of those companies and defendant objected to the relevancy of the matter. After a conference at the Bench[1] the district court refused to allow further questioning on the subject of insurance. As plaintiff stated in his motion for a new trial, Mr. Alder was employed in part by the same liability carrier who represents defendant in this action.

▪ It is well established that the existence of a liability insurance policy is not admissible to show one's negligence or other wrongful conduct. Fed.R.Evid. 411 (1975); C. McCormick, Evidence § 201, at 479 (2d ed. 1972). This rule has its basis in the belief that such evidence is of questionable probative value or relevance and is often prejudicial. Advisory Committee's note, Fed.R.Evid. 411 (1975); 2 J. Wigmore, Evidence § 282a, at 133–34 (3d ed. 1940). Evidence of the existence of insurance may be offered for other purposes, however. *See, e.g., Corbett v. Borandi,* 375 F.2d 265 (3d Cir. 1967); *Newell v. Harold Shaffer Leasing Co.,* 489 F.2d 103 (5th Cir. 1974). Rule 411 of the Federal Rules of Evidence provides several examples:

> This Rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, *or bias or prejudice of a witness.*

(Emphasis added.)

▪ In this case the fact that defendant's insurer employed Mr. Alder was clearly admissible to show possible bias of that witness. Defendant does not dispute this obvious import of Rule 411 but urges that for several reasons the district court's exclusion of the evidence was not reversible error.

▪ First, defendant argues that plaintiff was required to make a formal offer of

1. Defense counsel moved for a mistrial which was denied by the district court. The following discussion then occurred:

> PLAINTIFF'S COUNSEL: We are certainly entitled to go into this for the purpose of showing his interest when he comes in and goes into his reputation.
> THE COURT: But now I don't want insurance to enter this case at all. We've been at this over a week.

> PLAINTIFF'S COUNSEL: Alright. I am not going into that. I just want to show—
> DEFENDANT'S COUNSEL: He has already.
> THE COURT: Stay away from that or I will declare a mistrial and we can start all over. Don't go into it any further or I sure will. Do you understand?
> PLAINTIFF'S COUNSEL: I understand, Your Honor.

proof. Rule 103(a)(2) of the Federal Rules of Evidence provides that error may not be predicated upon a ruling excluding evidence unless:

> The substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

However, it is clear from the transcript, particularly the conversation between counsel out of the hearing of the jury, that the court was aware of the general nature of the evidence to be offered.[2]

 Based upon Rule 403 of the Federal Rules of Evidence[3] defendant also argues that the trial court acted within its discretion in excluding evidence of insurance. This argument is without merit. In our opinion the probative value of the evidence far outweighs any danger of unfair prejudice. Also, there is no indication in the record or briefs of the parties that any particular prejudice was threatened in this case. Rule 403 was not designed to allow the blanket exclusion of evidence of insurance absent some indicia of prejudice. Such a result would defeat the obvious purpose of Rule 411.

Defendant's final argument against reversal is that any error was harmless and did not affect a substantial right of the plaintiff.[4] To pass on this argument we must view the total circumstances of the case. Plaintiff's claim rested for the most part on the credibility of his expert witness. When defendant undertook to impeach that witness plaintiff was entitled to attempt to show possible bias of Mr. Alder as surrebuttal. Considering the importance of expert testimony in this case we cannot conclude that the trial court's exclusionary ruling was mere harmless error. *Cf. Levitt v. H.*

*J. Jeffries, Inc.,* 517 F.2d 523 (7th Cir. 1975).[5]

Because we find that the exclusion of the above mentioned evidence requires reversal, we do not consider the validity of the causation instruction given to the jury. Accordingly, the judgment of the district court is reversed and the action is remanded with directions to grant the plaintiff a new trial.

---

2. *See* note 1, *supra.*

3. Rule 403 provides that: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

4. Fed.R.Evid. 103(a) (1975).

5. Defendant also argues that plaintiff was required by Rule 103(c) to request the court to allow the examination of the witness out of the hearing of the jury. Although this procedure is certainly favored, it is not required.