23777

Albert B. DUNN, Respondent v. CHARLESTON COCA-COLA BOTTLING COMPANY and Sun-Belt Coca-Cola Bottling Company, Inc., Petitioners.

(426 S.E. (2d) 756)

Supreme Court

*K. Lindsay Terrell,* of *Howell, Gibson and Hughes, P.A.,* Beaufort, *for petitioners.*

*John E. Parker,* of *Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A.,* Hampton, *for respondent.*

Heard Nov. 16, 1992.

Decided Jan. 11, 1993.

*Per Curiam:*

We granted certiorari to review the Court of Appeals' decision reported at — S.C. —, 415 S.E. (2d) (Ct. App. 1992). We reverse.

The sole issue here is whether the trial court erred in granting plaintiff's request for a *vior dire* inquiry of the jury panel, as follows:

> All right, members of the jury panel, let me ask you this question. We all live in a modern world and we know that people have insurance for drivers and automobiles, and we have other—all types of insurance, which protects people who sell things, buy things, drive things, use things, and I don't know whether or not there's any insurance involved in this or not, I just don't have any idea, and I will tell you that it doesn't make a bit of difference, because the fact that somebody might or might not have insurance shouldn't affect the jury in any way. And so I'm going to ask you this question: Is there any member of the jury panel who holds an opinion or believes that jurors in a civil case should limit money damages, irrespective of the evidence, in order to reduce insurance rates, if so, please stand. Anybody got any feeling about that?

A two-judge majority of the Court of Appeals held that Petitioners (Coke) had waived objection to the mention of insurance by failing to move for a mistrial and failing to state grounds for an objection. Additionally, the majority found no prejudice to Coke due to the context in which insurance was mentioned.

The dissenting opinion of Acting Judge, Bruce Littlejohn, found (1) that the inquiry was inherently prejudicial and (2) that Coke's request that the *voir dire* question "not be charged" constituted a proper objection. We agree and find the dissent dispositive of the issues. Accordingly, it is adopted in full as the opinion of this Court:

> "I respectfully dissent and would grant to the Defendants a new trial because of the trial judge's handling of the *voir dire* issue.

The question asked of the jury as quoted in the majority opinion at the beginning of the trial was at the request of counsel for the Plaintiff. Apparently, the judge had misgivings about the question because he inquired: 'Are you comfortable with that question, counselor?'

Counselor responded: 'Yes sir.'

The question was then asked of all jurors before selection of the twelve began. There was no response.

It would be sufficient to say that a new trial should be granted because it erroneously injected into the trial of the case the insurance issue, and indicated that insurance was involved contrary to a legion of opinions issued by the Supreme Court of South Carolina.

In the often quoted case of *Crocker v. Weathers*, 240 S.C. 412, 126 S.E. (2d) 335 (1962) the Supreme Court set forth the rule as follows:

'The long-established rule of our decisions is that the fact that a Defendant is protected from liability in an action for damages by insurance shall not be made known to the jury. The reason of the rule is to avoid prejudice in the verdict, which might result from the jury's knowledge that the defendant will not have to pay it. *Horsford v. Carolina Glass Co.*, 92 S.C. 236, 75 S.E. 533. *Cox v. Employers' Liability Assur. Corp.*, 191 S.C. 233, 196 S.E. 549. *Haynes v. Graham*, 192 S.C. 382, 6 S.E. (2d) 903. *Dobson v. American Indemnity Co.*, 227 S.C. 307, 87 S.E. (2d) 869.'

An elaboration upon the reasons for my dissent is, however, appropriate.

No reason was given for the inquiry of the jury panel. If this inquiry is appropriate in this case such is appropriate in any and all tort actions tried hereinafter.

There is not involved here an instance wherein through inadvertence a comment is made inferring that a defendant is covered by liability insurance. In such cases oftentimes the judge is permitted to give a curative instruction. On the other hand here counsel, without indicating a reason therefor, intentionally injects the insurance issue into the trial.

The judge had fair opportunity to rule upon the issue

and did so. It was not incumbent upon defense counsel to harass the judge by parading the issue before him again, by asking for a mistrial.

In *Bowers v. Watkins*, 259 S.C. 371, 192 S.E. (2d) 190 (1972), the Supreme Court held in a case involving a similar issue as follows:

"The suggestion in plaintiff's brief that relief should be denied because the impropriety of the argument was not made the ground of a motion for mistrial or new trial is unsound. When the court, in effect, overruled defendant's objection to the argument, it would have been futile to move for a mistrial based upon the same objection. A motion for new trial is not necessary to preserve for review on appeal a question which has been fairly and properly raised in the trial court and passed upon there.' *Hubbard v. Rowe*, 192 S.C. 12, 5 S.E. (2d) 187 (1939).

Counsel for the Plaintiff argues that no prejudice has been shown. Realistically no prejudice can be shown unless counsel is permitted to examine members of the jury—which is forbidden.

The majority opinion would give some credence to the fact that no objection to the inquiry was spelled out by counsel for the Defendants. The grounds of the objection were patent. The law forbids it.

In an effort to justify the inquiry, counsel for the Plaintiff argues many matters having no basis in the record. Quoted in counsel's brief are *Newsweek* magazine, *Business Week* magazine, and *US News and World Report* in which advertisements are alleged to have appeared deploring excessive verdicts.

I would hold that the inquiry itself gave jurors reason to believe that a verdict in this case would be paid by an insurance carrier, and this in spite of the fact that the judge told the jurors that he did not know whether insurance was or was not involved. If the basic principle of law to which I have referred is to be changed, the change should emanate from either the Legislature or the Supreme Court which initiated the rule and has consistently followed it.

If the *voir dire* inquiry is appropriate in this case, the same would be appropriate in a case wherein a Mom and

Pop grocery store is being sued in a slip and fall case. The jury would get the impression that Mom and Pop had liability insurance even though they did not.

I would grant a new trial."

Reversed and remanded for a new trial.