2031

W. Melvin NORRIS, Jr., Appellant v. George A. FERRE, M.D., and George A. Ferre, M.D., P.A., Respondent.

(432 S.E. (2d) 491)

Court of Appeals

*O. Fayrell Furr, Jr.,* Myrtle Beach, and *Charles L. Henshaw,* Columbia, *for appellant.*

*Charles E. Carpenter, Jr., Deborah L. Harrison,* and *George C. Beighley,* Columbia, and *James I. Redfearn,* Chesterfield, *for respondent.*

Heard Apr. 21, 1993; Decided June 7, 1993.

Reh. Den. July 23, 1993.

LITTLEJOHN, Acting Judge:

W. Melvin Norris brought an action against physician George A. Ferre for medical malpractice connected with back surgery. The jury returned a verdict for Ferre. Norris appeals. We affirm.

Norris fell from a deer stand and broke his back. Dr. Blake Dennis performed surgery upon Norris and inserted Harrington rods to stabilize the fracture. When the time came for the rods to be removed, Dennis had moved to another town and was not available. Norris arranged for Ferre to remove the

rods. Ferre began the surgery, but encountered unexpected bone overgrowth and decided not to continue. Ferre closed the incision and referred Norris back to Dennis, who eventually removed the rods. Norris subsequently brought this lawsuit, claiming malpractice in Ferre's aborted surgery. Following a trial the jury found in favor of Ferre. Norris appeals, alleging reversible error in several trial rulings.

## I.

Norris first argues the trial judge erred in failing to conduct a meaningful *voir dire* examination. Norris proposed nineteen questions for *voir dire*, some with multiple parts. The trial judge addressed some of the requested areas with his own questions but refused to ask certain specific questions. On appeal, Norris claims error in this refusal. We disagree.

The method and scope of *voir dire* are largely within the discretion of the trial judge. Rule 47(a), SCRCP; *State v. Matthews*, 291 S.C. 339, 353 S.E. (2d) 444 (1986); 5A *Moore's Federal Practice* ¶47.06, pp. 47-15 & -16 (1992). Rule 47(a) provides in part that the trial judge *shall* permit parties to supplement the examination and *shall* submit additional questions submitted by the parties. However, this "requirement" is limited to questions which the trial judge "deems proper." Thus, the trial judge maintains broad discretion in this area, and an appellate court will rarely second-guess his decision in this regard. *Accord* 9 Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2482, p. 470 (1971). We have reviewed Norris's proposed *voir dire* questions and the questions the trial judge posed to the jury panel and find no abuse of discretion in his *voir dire* examination.

## II.

Norris argues the trial judge erred in refusing to allow him to cross-examine Ferre's expert witnesses regarding their participation in the South Carolina Medical Malpractice Joint Underwriting Association and the Patients Compensation Fund. Norris contends that he should have been allowed to establish each witnesses potential financial bias caused by this participation. We disagree.

A trial judge has broad discretion in supervising cross-examination with regard to bias or prejudice. *Martin v. Dunlap*, 266 S.C. 230, 222 S.E. (2d) 8 (1976). Furthermore, the Supreme Court has been meticulous in keeping the issue of insurance coverage away from the jury. In the recent case of *Dunn v. Charleston Coca-Cola Bottling Co.*, 426 S.E. (2d) 756, 757 (1993) the Supreme Court reversed an opinion by the Court of Appeals, which had upheld the trial judge's *voir dire* of the jury panel on the issue of liability insurance. The Supreme Court stated:

> The long-established rule of our decisions is that the fact that a Defendant is protected from liability in an action for damages by insurance shall not be made known to the jury. The reason of the rule is to avoid prejudice in the verdict, which might result from the jury's knowledge that the Defendant will not have to pay it.

*Id.*, at 757-58 (citations omitted). The Court noted that the inquiry itself gave the jurors reason to believe that a verdict in the case would be paid by an insurance carrier.

We find the same true of the proposed inquiry in this case. Accordingly, we affirm the trial judge's decision to prohibit the inquiry.

## III.

Norris next argues the trial judge erred in allowing Ferre's counsel to repeatedly make reference to the fact that Norris's expert was from St. Louis, Missouri, whereas Ferre's expert was from South Carolina. Norris also argues the trial judge committed reversible error in allowing Ferre's counsel to make inflammatory arguments to the jury regarding these facts. We disagree.

We do not approve of remarks or argument by trial counsel designed to incite or highlight local bias against a witness. Appeals to local prejudice are improper and should not be made in the trial of a case. *Blair v. Eblen*, 461 S.W. (2d) 370 (Ky. App. 1970); *Reynolds v. Arnold*, 443 S.W. (2d) 793 (Mo. 1969); Annotation, *Appeals to Prejudice*, 78 A.L.R. 1438 (1932); 88 C.J.S. *Trial* § 188 (1955). However, we are not convinced there is such a probability of prejudice in this case that the trial should have been aborted and a

new trial granted, as the Court in *Reynolds v. Arnold* held. The trial judge heard Norris's motion for a new trial and was satisfied with the justice of the case. We have reviewed the record and arguments on appeal, and do not find an abuse of the trial judge's discretion.

## IV.

Finally, Norris moved to supplement the record on appeal with deposition testimony from an unrelated action. We deny the motion since the matters were not presented to the trial judge. Rule 209(c), SCACR.

Accordingly, the judgment in this case is

Affirmed.

GARDNER and BELL, JJ., concur.