518 S.E.2d 286

**Dorothy YOHO, Appellant,**

**v.**

**Marguerite THOMPSON, Respondent.**

**No. 2998.**

Court of Appeals of South Carolina.

Heard April 15, 1999.

Decided May 24, 1999.

Rehearing Denied Aug. 28, 1999.

Gene M. Connell, Jr., of Kelaher, Connell & Connor, of Surfside Beach, for appellant.

G. Michael Smith, of The Thompson Law Firm, of Myrtle Beach, for respondent.

HEARN, Judge:

Dorothy Yoho sued Marguerite Thompson, alleging Thompson's negligence caused injuries to her head, neck, shoulders, and back. The jury awarded Yoho $20,000. Yoho moved for a new trial absolute or a new trial nisi additur for $193,000, arguing the trial court prejudiced Yoho by preventing her from mentioning liability insurance in the trial to establish bias. The trial court denied Yoho's motion. We affirm.

## FACTS

On May 30, 1994, Yoho sustained injuries in an automobile accident when Thompson's car struck the rear of Yoho's car.

At the accident scene, Yoho complained of pain only in the back of her head and elbow. However, during physical therapy, Yoho complained of cervical pain, lumbar pain, left shoulder pain, and head pain. Yoho underwent approximately forty to fifty physical therapy sessions and showed improvement. However, Yoho's physician's notes reflect the following: "Physical therapist called. [Yoho] is not making progress. Physical therapist believes [she] will be better after litigation settled." The physical therapist denies making the comment.

Thompson admitted liability, making damages the only contested issue at trial. Testimony from the two sides conflicts regarding the extent of Yoho's injuries and the corresponding treatments. The record reflects Yoho had already suffered back and left arm injuries prior to the accident.

Before trial, Thompson's liability insurance carrier paid Yoho the policy limits of $50,000. Yoho's underinsured motorist carrier, Nationwide Insurance Co., assumed Thompson's defense under South Carolina's insurance law. S.C.Code Ann. § 38–77–160 (Supp.1998) (effective June 29, 1994).

Nationwide, through the Thompson Law Firm,[1] hired Dr. Brannon to review Yoho's medical record and to render an opinion on the severity of Yoho's injuries and the medical treatment provided Yoho. Dr. Brannon testified Yoho received unnecessary treatment and that Yoho might be seeking a secondary benefit from the accident.

Yoho's counsel moved to cross-examine Dr. Brannon about his past business relationship with Nationwide to establish potential bias. The trial judge denied the motion. Yoho's counsel proffered a previous deposition of Dr. Brannon to illustrate the information Yoho sought to expose at trial. Specifically, she sought to introduce Dr. Brannon's following statement: "I do a fair amount of consulting with Nationwide Insurance Company and the reason for that is that I've been invited to give lectures to their agents and their adjustors . . . ."

---

**1.** At oral argument, counsel for Nationwide argued that he, not Nationwide, retained Dr. Brannon because of counsel's desire to avoid the very inference Yoho sought to introduce. We do not see any distinction in whether this party or its agent actually called, retained, and paid Dr. Brannon.

On cross-examination, Yoho established that Thompson's attorneys hired and paid Dr. Brannon to review Yoho's medical records and testify at trial. Yoho also showed that Dr. Brannon worked for Thompson's attorneys on three prior occasions.

The jury returned a $20,000 verdict for Yoho. Yoho moved for a new trial absolute or a new trial nisi additur for $193,000, arguing the South Carolina Rules of Evidence permit mentioning liability insurance in a trial to establish bias. The trial court denied the motion. Yoho appeals.

## STANDARD OF REVIEW

"Conduct of a trial, including admission and rejection of testimony, is largely within the trial judge's sound discretion, the exercise of which will not be disturbed on appeal unless appellant can show abuse of such discretion, commission of legal error in its exercise, and resulting prejudice to appellant's rights." *American Fed. Bank v. Number One Main Joint Venture*, 321 S.C. 169, 174, 467 S.E.2d 439, 442 (1996). "Normally, we will not disturb on appeal a trial court's ruling concerning the scope of cross-examination of a witness to test his credibility absent a manifest abuse of discretion." *State v. Smith*, 315 S.C. 547, 551, 446 S.E.2d 411, 413 (1994).

## LAW

Rule 411, SCRE, states: "Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for ... [showing] bias or prejudice of a witness." Nevertheless, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." Rule 403, SCRE.

## DISCUSSION

Yoho argues the trial court prejudiced her case by improperly denying her the opportunity to cross-examine Dr. Brannon about his relationship with Nationwide to establish Dr. Brannon's bias. We disagree.

Yoho failed to establish prejudice because she had alternative means to establish Dr. Brannon's bias or prejudice without inquiring into his association with Nationwide. *See* Danny R. Collins, *South Carolina Evidence*, 94–95 (1995) (noting witnesses may be attacked for bias when the witness engaged in other litigation with one of the parties or the witness has a past relationship with one of the parties). The trial judge even instructed Yoho on these methods to reveal Dr. Brannon's bias, such as inquiring into Thompson's attorney's hiring and paying Dr. Brannon and cross-examining Dr. Brannon about his reviewing files and testifying regularly for defendants as opposed to plaintiffs. These lines of questioning permit an inference of bias but avoid the prejudicial problems associated with mentioning insurance.

Our "Supreme Court has been meticulous in keeping the issue of insurance coverage away from the jury." *Norris v. Ferre,* 315 S.C. 179, 182, 432 S.E.2d 491, 493 (Ct.App.1993); *Dunn v. Charleston Coca–Cola Bottling Co.,* 311 S.C. 43, 45, 426 S.E.2d 756, 757 (1993) (" 'The long-established rule of our decisions is that the fact that a defendant is protected from liability in an action for damages by insurance shall not be made known to the jury.' " (quoting *Crocker v. Weathers,* 240 S.C. 412, 424, 126 S.E.2d 335, 340–41 (1962))).

This court addressed a similar case in which the plaintiff sought to introduce the liability insurance clause of a landscaping agreement to establish the duties the defendant owed. We held "the trial court did not err in excluding the liability insurance clause because, even if the clause was relevant to the question of duty, the prejudicial effect of its admission would have far outweighed any possible probative value that it might have had." *Landry v. Hilton Head Plantation Property Owners Ass'n,* 317 S.C. 200, 206, 452 S.E.2d 619, 622 (Ct.App.1994). Moreover, other contractual provisions established the opposing party's duties. *Id.* at 205, 452 S.E.2d at 622. Similarly, Yoho had alternative ways to show Dr. Brannon's bias without interjecting the issue of insurance into the cross-examination, and the prejudicial effect of its admission substantially outweighed the probative value of the evidence.

This court also affirmed a trial court's limitations on the cross-examination of an expert witness in *Johnston v. Ward,*

288 S.C. 603, 344 S.E.2d 166 (Ct.App.1986), *overruled on other grounds by Spahn v. Town of Port Royal,* 330 S.C. 168, 499 S.E.2d 205 (1998). In *Johnston* the trial court did not allow plaintiff's counsel to cross-examine the expert about the expert's prior relationship with the defendant's attorneys to show bias. On appeal, this court held that appellant failed to prove a manifest abuse of discretion by the trial judge and prejudice to appellant, both of which are required for reversal. *Id.* at 611–12, 344 S.E.2d at 171. In comparison, Yoho sought to question Dr. Brannon's prior relationship with the insurance company, evidence which is more prejudicial than a relationship with attorneys involved in the case.

Considering the potential for unfair prejudice, for confusion of the issues, and for misleading the jury, the trial court acted within its discretion in ruling that the probative value of raising the insurance issue was substantially outweighed by the danger of unfair prejudice. See Rule 403, SCRE. We find the trial court did not abuse its discretion in limiting Yoho's cross-examination of Dr. Brannon to exclude any mention of insurance.

Accordingly, the trial court's decision denying Yoho's request to cross-examine Dr. Brannon on his relationship with Nationwide is

**AFFIRMED.**

HUFF and STILWELL, JJ., concur.