548 S.E.2d 584

**Dorothy YOHO, Petitioner,**

v.

**Marguerite THOMPSON, Respondent.**

No. 25273.

Supreme Court of South Carolina.

Heard Nov. 14, 2000.

Decided March 26, 2001.

Rehearing Denied July 17, 2001.

Gene M. Connell, Jr., of Kelaher, Connell & Connor, of Surfside Beach, for petitioner.

G. Michael Smith and M. Mark McAdams, of The Thompson Law Firm, of Conway, for respondent.

BURNETT, Justice:

We granted certiorari to review a decision of the Court of Appeals holding the trial court properly limited cross-examination of a witness to exclude any reference to insurance. *Yoho v. Thompson,* 336 S.C. 23, 518 S.E.2d 286 (Ct.App.1999). We reverse.

## FACTS

Petitioner Dorothy Yoho sued respondent Marguerite Thompson to recover damages for injuries she sustained when Thompson's car struck Yoho's car from behind. Prior to trial, Thompson's insurer paid Yoho the policy limits of $50,000 and Yoho's underinsured motorist carrier, Nationwide Insurance Company (Nationwide), then assumed Thompson's defense. At trial, Thompson admitted liability, leaving damages as the only issue for the jury.

Prior to trial, Thompson indicated she would call Dr. William Brannon as a witness. Dr. Brannon had reviewed Yoho's medical records and would give an opinion as to the extent of her injuries.

364

In motions made before trial and prior to Dr. Brannon's testimony, Yoho asked the trial judge to allow her to cross-examine Dr. Brannon regarding his relationship with Nationwide to establish possible bias. Yoho presented Dr. Brannon's deposition testimony from another case that he did "a fair amount of consulting work with Nationwide" and had given lectures to Nationwide agents and adjusters. Yoho also presented information that ten to twenty percent of Dr. Brannon's practice consisted of reviewing records for insurance companies, and that his yearly salary was based on the amount of money his practice earned, which included his consulting work. The trial court denied Yoho's motion on the basis that the probative value of the content of the cross-examination would be outweighed by the prejudicial effect of injecting the issue of insurance into the proceedings. The court informed Yoho that she could discuss Dr. Brannon's bias by using generic terms such as "defense," "defendants," and "defense lawyer," but that she could not discuss his possible bias by using the word "insurance."

On direct examination, Dr. Brannon testified he was employed by the University of South Carolina School of Medicine as a professor and was hired by Thompson's attorney to review Yoho's medical records. During cross-examination, Yoho established that Dr. Brannon had worked for Thompson's attorneys on three prior occasions. She also asked Dr. Brannon about the fees he charged for the records review.

The jury awarded Yoho $20,000 in damages. Yoho's motions for a new trial absolute or a new trial *nisi additur* were denied. The Court of Appeals affirmed. *Yoho v. Thompson,* 336 S.C. 23, 518 S.E.2d 286 (Ct.App.1999).

## ISSUE

Did the trial court err in denying Yoho's request to cross-examine Dr. Brannon regarding his possible bias?

## DISCUSSION

"A witness may be cross-examined on any matter relevant to any issue in the case, including credibility." Rule 611(b), SCRE. Considerable latitude is allowed in cross-examination to test a witness's bias, prejudice, or credibility. *See*

*State v. Johnson,* 338 S.C. 114, 124, 525 S.E.2d 519, 524, *cert. den.,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000). An appellate court will not disturb a trial court's ruling concerning the scope of cross-examination of a witness to test his or her credibility, or to show possible bias or self-interest in testifying, absent a manifest abuse of discretion. *Id.* at 124–25, 525 S.E.2d at 524. An abuse of discretion occurs when the trial court's ruling is based on an error of law. *Clark v. Cantrell,* 339 S.C. 369, 529 S.E.2d 528 (2000). The trial court's ruling in this case was controlled by an error of law, namely, a misunderstanding of new Rule 411, SCRE.

■ Prior to the adoption of Rule 411 in 1995, the longstanding rule in South Carolina was that a defendant's insurance against liability in an action for damages should not be revealed to the jury. *Dunn v. Charleston Coca–Cola Bottling Co.,* 311 S.C. 43, 426 S.E.2d 756 (1993). Rule 411 modified this rule by providing that the admissibility of evidence of insurance depends upon the purpose for which such evidence is introduced. Rule 411 provides:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. *This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.*

Rule 411, SCRE (emphasis added). As Thompson admitted liability, the unquestioned purpose of the requested cross-examination was to prove bias, and not liability. Moreover, the evidence Yoho sought to introduce was relevant to the issue of Dr. Brannon's bias.

Because Rule 411 did not require the exclusion of the evidence in this case, we must determine whether the probative value of the evidence was substantially outweighed by its prejudicial effect and potential for confusing the jury. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ."). In making this determination, we are mindful that "Rule 403 was not designed to allow the blanket

exclusion of evidence of insurance absent some indicia of prejudice. Such a result would defeat the obvious purpose of Rule 411." *Charter v. Chleborad,* 551 F.2d 246 (8th Cir.1977).

■ A majority of jurisdictions addressing this issue apply a "substantial connection" analysis to determine whether an expert's connection to a defendant's insurer is sufficiently probative to outweigh the prejudice to the defendant resulting from the jury's knowledge that the defendant carries liability insurance. *See, e.g., Bonser v. Shainholtz,* 3 P.3d 422 (Colo. 2000) (expert's relationship with insurance Trust was admissible to show bias where expert was a co-founder and previous board member of Trust, and expert believed dentists insured by Trust were better quality than other dentists); *Mills v. Grotheer,* 957 P.2d 540 (Okla.1998) (insufficient connection between expert and insurer to justify admission where expert was merely a policyholder).

■ We adopt the substantial connection analysis and conclude the connection between Dr. Brannon and Nationwide was sufficient to justify admitting evidence of their relationship to demonstrate Dr. Brannon's possible bias in favor of Nationwide. Dr. Brannon was not merely being paid an expert's fee in this matter. Instead, he maintained an employment relationship with Nationwide and other insurance companies. Dr. Brannon consulted for Nationwide in other cases and gave lectures to Nationwide's agents and adjusters. Ten to twenty percent of Dr. Brannon's practice consisted of reviewing records for insurance companies, including Nationwide. Further, Dr. Brannon's yearly salary was based in part on his insurance consulting work. The trial court erred in refusing to allow Yoho to cross-examine Dr. Brannon about his relationship with Nationwide.

■ Moreover, the trial court's error was not harmless. Although the court gave Yoho permission to discuss Dr. Brannon's bias by using generic terms such as "defense," "defendants," and "defense lawyer," Yoho sought to show specifically that Dr. Brannon consulted for Nationwide and lectured Nationwide's agents and adjusters. This evidence is qualitatively different from showing Dr. Brannon works for "the defense" generally, and is much more indicative of possible bias in favor of the defendant.

We reverse and remand for a new trial. On remand, Yoho may attempt to show bias on Dr. Brannon's part through cross-examining him about his relationship with Nationwide. The cross-examination must be carefully tailored, however, so as not to confuse the jury by revealing that Nationwide, while defending in the name of Thompson, is actually Yoho's underinsured motorist carrier. Moreover, the defense, if it so requests, is entitled to a limiting instruction stating that evidence of insurance is admissible only to show Dr. Brannon's possible bias or prejudice as a witness. *See* Rule 105, SCRE ("When evidence which is admissible ... for one purpose but not admissible ... for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.").

**REVERSED AND REMANDED.**

WALLER and PLEICONES, JJ., concur.

TOAL, C.J., and MOORE, J., concurring and dissenting in a separate opinion.

MOORE, Justice (concurring and dissenting):

I agree with the majority's adoption of the substantial connection analysis and the conclusion that the connection between Dr. Brannon and Nationwide was sufficient to justify allowing evidence of that relationship to demonstrate Dr. Brannon's possible bias in favor of Nationwide. I do not believe, however, the trial court abused its discretion in excluding the testimony because Yoho was provided alternative means to establish Dr. Brannon's alleged bias without injecting insurance into the trial. Yoho was informed she could discuss Dr. Brannon's bias by using generic terms such as "defense," "defendants," and "defense lawyer," but she could not use the word "insurance." Yoho chose not to use this alternative. If she had fully utilized the trial court's suggestions, the result of the cross-examination would have been just as effective as cross-examining Dr. Brannon by using the word "insurance."

Accordingly, I believe the trial court acted within its discretion by limiting Yoho's cross-examination of Dr. Brannon to exclude any mention of insurance.

TOAL, C.J., concurs.