DECISION AND JUDGMENT ENTRY
This case is before us on appeal from the Lucas County Court of Common Pleas, which entered a judgment on a jury verdict in favor of appellee, Dorothy Edwards. For the reasons that follow, we affirm in part, reverse in part, and remand.
Appellee was injured when appellant, Norbert Louy, backed his car into appellee's parked car. Appellant admitted liability, and the case was tried as to damages. The jury awarded appellee $3,500 for pain and suffering, $3,101.28 for lost wages, and all of her medical bills, which totaled $3,645.29. Appellant now appeals from that judgment, setting forth the following assignments of error:
 "Assignment of error no. 1 The trial court abused its discretion when it instructed the jury that appellant was liable for excessive medical treatment if the jury found it foreseeable that appellee would seek chiropractic treatment.
 "Assignment of error no. 2 The trial court abused its discretion when it permitted the introduction of the hiring of appellant's expert by appellant's insurance carrier."
Appellant contends in his first assignment of error that the trial court erred when it instructed the jury on medical expenses in the manner requested by appellee. Generally, a trial court should give a requested instruction if it is a correct statement of the law applicable to the case and reasonable minds "might reach the conclusion sought by the instruction." Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585,591. However, a trial court need not give the instruction in the exact words requested; the trial court has discretion to decide the language with which to convey the legal principles involved. Prejean v. EuclidBd. of Educ. (1997), 119 Ohio App.3d 793, 804.
Appellant had contended throughout the proceedings below that appellee overtreated with her chiropractor. Before trial, therefore, appellee requested the following jury instruction:
 "The Plaintiff [appellee] is chargeable only with such knowledge that she has or should have.
 "If a Doctor overcharges or overtreats an injured Plaintiff, the Defendant remains responsible for such overcharging or overtreating unless it proves by a preponderance of the evidence that the Plaintiff knew or should have known of such overcharging or overtreatment."
The parties and the trial court discussed this issue rather extensively during the trial, outside the hearing of the jury. Appellant contended that appellee was not entitled to such an instruction because the plaintiff in a personal injury case always bears the burden of proving that medical expenses were reasonable and necessary. The trial court, however, analogized overtreatment to medical malpractice; in personal injury cases where the plaintiff seeks medical treatment and the physician commits medical malpractice, the malpractice is not seen as a superseding intervening cause, and the defendant is liable for all medical expenses, even those occasioned by the malpractice. See, e.g.,Travelers Indemnity Co. v. Trowbridge (1975), 41 Ohio St.2d 11, 13, partially overruled on other grounds, Motorist Mut. Ins. Co. v. Huron Rd.Hosp. (1995), 73 Ohio St.3d 391. In keeping with this analogy, the trial court gave the following instruction:
 "Now, in this case you heard evidence that the chiropractic treatment received by the plaintiff may have been excessive. If you find that the chiropractic treatment was excessive, you should hold the defendant liable for the full extent of the treatment if you believe from the facts that the defendant should have foreseen from the circumstances of this accident that the plaintiff would seek chiropractic treatment."
It is solely within the province of the jury to assess damages.Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 655. In a personal injury case, it is the jury's role to decide the amount of reasonable and necessary medical expenses proximately caused by the accident. See, e.g., Homeyer-McGee v. Hood (Mar. 28, 2002), 8th Dist. No. 79552, 2002-Ohio-1410, at ¶ 7, ¶ 10; Wood v. Elzoheary
(1983), 11 Ohio App.3d 27, 29. Therefore, any instruction that takes that question away from the jury is in error.
In this case, the trial court instructed the jury that if any chiropractic services were reasonably foreseeable, then appellant was responsible for all of the chiropractic expenses, whether excessive or not. In our view, this took away from the jury the question of whether all of the medical expenses were proximately caused by the accident. Clearly, unnecessary or excessive treatment is not proximately caused by the accident, but the jury was not allowed to decide whether all of the treatment was necessary; it was told, in effect, to award all of the medical expenses if some of them were necessary. Therefore, we find that the trial court erred in instructing the jury as it did. In ruling this way, we are persuaded by Franklin County cases holding that a tortfeasor may not be liable for all medical expenses when the very necessity of them is questioned. See Millard v. CSX Transp., Inc. (Feb. 10, 1998), Franklin App. No. 97APE05-717; Moore v. Jock (Sept. 5, 1991), Franklin App. No. 91AP-102, motion to certify record overruled (1992),63 Ohio St.3d 1411.[1] Because we find that the trial court erred in instructing the jury as it did on the medical expenses, we find the first assignment of error well taken.
In his second assignment of error, appellant contends that the trial court erred in allowing appellee to elicit testimony from appellant's expert that the expert was hired by appellant's insurance company. The decision whether to admit or deny testimony is within the sound discretion of the trial court. Therefore, we may only reverse such a decision if the trial court abused its discretion. See Peters v. StateLottery Comm. (1992), 63 Ohio St.3d 296, 299; Olmsted Twp. Bd. ofTrustees v. City of Berea (June 18, 1998), Cuyahoga App. No. 73782. The Supreme Court of Ohio has stated that "[t]he term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, quoting State v.Adams (1980), 62 Ohio St.2d 151, 157. According to appellant, his insurance company hired their expert, Dr. Bedocs, before suit was filed to review appellee's medical records. Appellant contends that the probative value of this fact is substantially outweighed by its prejudicial effect. See Evid.R. 403(A).
This issue is governed by Evid.R. 411, which provides:
 "Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership or control, if controverted, or bias or prejudice of a witness."
Faced with a similar issue, we have held that the trial court erred when it denied a party the opportunity to impeach a defense witness by asking him to disclose the fact the he worked for the insurance company that insured one of the defendants. We stated, "There exists among some in the legal community the mistaken notion that if anyone during the course of a trial mentions the word `insurance,' an insured defendant is then entitled to a mistrial. In fact this is not the rule and never has been." Costell v. Toledo Hospital (1992), 82 Ohio App.3d 393, 404, jurisdictional motion overruled (1993), 66 Ohio St.3d 1413. See, also,Beck v. Cianchetti (1982), 1 Ohio St.3d 231, paragraph two of the syllabus, 235-237. We also held that, in addition to being relevant, the testimony was not unduly prejudicial. We found persuasive a federal case holding that Evid.R. 403 was not meant to exclude the mention of insurance without any showing of prejudice. To hold otherwise would defeat the purpose of Evid.R. 411. Costell, 82 Ohio App.3d at 405, citing Charter v. Chleborad (C.A.8, 1977), 551 F.2d 246, 249, certiorari denied (1977), 434 U.S. 856.
In the instant case, the testimony was not elicited to prove negligence or other wrongful conduct. Clearly, it was elicited to show bias, and it was admissible under Evid.R. 411. Further, since appellant has made no showing of prejudice, the testimony is not made inadmissible by Evid.R. 403. The second assignment of error is found not well taken.
On consideration whereof, we find that substantial justice was not done the party complaining, and the decision of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. The judgment is reversed as to appellant's first assignment of error, and the case is remanded to the trial court for a new trial. Costs to appellant.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] Both of these cases distinguish two earlier Franklin County cases. In the first, Bayse v. Whitlock (Nov. 12, 1981), Franklin App. No. 81AP-314, the court held that, when medical expenses are shown to be necessary as a result of the accident, the plaintiff is entitled to follow her physician's advice about the type of treatment necessary, and the tortfeasor is then liable for the treatment chosen. In the second,Harris v. Roadway Express, Inc. (Jan. 17, 1985), Franklin App. No. 84AP-131, the court held that where there is no dispute that some sort of medical treatment is necessary and the only issue is the type of treatment rendered, the tortfeasor is liable for all of the medical expenses. In the instant case, there was no dispute about the type of treatment rendered; the only dispute was whether all of the treatment was necessary because of the accident.