THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Les Springob,       
Appellant,
 
 
 

v.

 
 
 
Susan Williamson Springob,       
Respondent.
 
 
 

Appeal From Richland County
Walter B. Brown, Jr., Family Court 
 Judge

Unpublished Opinion No. 2003-UP-491
Submitted June 9, 2003  Filed August 
 20, 2003   

AFFIRMED

 
 
 
Frank S. Potts, of Columbia, 
 for Appellant.
Kristi Curtis and Michael Self, 
 both of Sumter, for Respondent.
 
 
 

PER CURIAM:  Les Springob (Husband) appeals 
 a family court order finding him in contempt for violating a provision of a 
 temporary order restraining his contact with Susan Springob (Wife).  We affirm. 
 [1] 
BACKGROUND
The family court issued a temporary order 
 approving an agreement between the parties regarding child custody, visitation 
 and support.  The order also provided that:  [e]ach party shall be restrained 
 and strictly enjoined from bothering, abusing, threatening abuse, harassing, 
 or in any fashion interfering with the other party.  A few months later, at 
 Wifes request, the court issued an Order and Rule to Show Cause requiring Husband 
 to appear and show cause why he should not be held in civil contempt for violating 
 the courts restraining order.  The courts temporary order was attached but 
 the rule contained a typographical error, referencing the date of the temporary 
 order as March 7, 2001, instead of the correct date, April 30, 2001.  Wifes 
 attorney later obtained a second Order and Rule to Show Cause correcting the 
 typographical error. 
Wife testified at the contempt hearing 
 that after the temporary order, Husband began harassing her by telephone, sometimes 
 calling as often as thirty times a day.  Wife also testified Husband assaulted 
 her on a day they met to exchange the children for Husbands visitation. 
The court issued an order finding Husband 
 in contempt for violating the restraining order provision of the temporary order.  
 The court ordered Husband to serve one year of incarceration or pay a $1,000 
 fine to the clerk of court.  Additionally, the court ordered Husband to pay 
 Wifes attorney fees associated with the contempt action. 
DISCUSSION
 I.                  
 Contempt Sanction
Husbands first argument 
 that the family court erroneously sanctioned him for criminal rather than civil 
 contempt is not preserved for appellate review.  
During the contempt hearing, the court 
 orally found Husband had violated the prior order and announced the sanction 
 it later reduced to a written order.  Husband did not object to the sanction 
 when orally announced by the court.  Furthermore, Husband never filed a written 
 motion for reconsideration of the written order. 
 [2]   By not asserting his current argument to the family court, Husband 
 failed to preserve the issue for appellate review.  See Widman v. 
 Widman, 348 S.C. 97, 119, 557 S.E.2d 693, 704-05 (Ct. App. 2001) (noting 
 general rule that issue may not be raised for the first time on appeal, but 
 must have been raised to and ruled on by the trial judge to be preserved for 
 appellate review); Dodge v. Dodge, 332 S.C. 401, 418, 505 S.E.2d 344, 
 352-53 (Ct. App. 1998) (holding fathers challenge to amount of guardian ad 
 litems fee was not preserved where father failed to raise the issue in his 
 Rule 59(e), SCRCP motion).  
 II.              
 Cross-examination
Husband next contends the family court 
 erred in limiting his cross-examination of Wife during the contempt hearing.  
 We disagree.  
The scope of cross-examination lies within the 
 trial courts sound discretion.  State v. Aleksey, 343 S.C. 20, 33-34, 
 538 S.E.2d 248, 255 (2000).  An appellate court will not disturb a trial courts 
 ruling concerning the scope of cross-examination of a witness to test his or 
 her credibility, or to show possible bias or self-interest in testifying, absent 
 a manifest abuse of discretion.  Yoho v. Thompson, 345 S.C. 361, 365, 
 548 S.E.2d 584, 585 (2001). 
During the hearing, Husband attempted to cross-examine 
 Wife about Husbands financial disclosure statement.  Husband contended that 
 shortly before Wife filed the contempt action, she learned Husband had significantly 
 more assets than he had previously reported, and that this discovery provided 
 Wife a motive to make false accusations against Husband.  The family court did 
 not allow Husband to cross-examine Wife regarding the financial disclosure, 
 noting Husbands financial situation was not relevant to whether he violated 
 the temporary order.  The issue before the family court was whether Husband 
 had violated the prior temporary order by placing harassing phone calls to Wife, 
 and by assaulting her.  We find no abuse of discretion in the family courts 
 determination that questions regarding Husbands financial disclosure were irrelevant 
 to the contempt proceedings, and thus improper during his cross-examination 
 of Wife.  
 III.          Subject Matter 
 Jurisdiction
          Husband argues the family court lacked jurisdiction 
 to hear the contempt matter because the Order and Rule to Show Cause was not 
 properly before the court.  Specifically, Husband asserts the first Order and 
 Rule to Show Cause was not valid because it failed to reference the correct 
 date of the temporary order.  Husband further asserts the second Order and Rule 
 to Show Cause was insufficient to convey jurisdiction to the family court because 
 the judge who signed that order had previously recused herself from the matter 
 and because it was not properly served upon Husband.  We find no merit to these 
 arguments.  
Even if the second order was not properly served 
 upon Husband, the family court was within its authority to proceed with the 
 contempt hearing based on the first Order and Rule to Show Cause.  Although 
 that order contained a typographical error, it was properly served on Husband 
 with a copy of the referenced temporary order attached.  Thus the typographical 
 error was not fatal; Husband was provided adequate notice of the exact matters 
 that were to be litigated at the contempt proceeding. 
 IV.           Motion for 
 Continuance - Discovery
Lastly, Husband argues the family court erred 
 in refusing his motion to continue the contempt proceeding to allow for complete 
 discovery between the parties.  We find no abuse of discretion.  
Prior to the contempt hearing, Husband moved for 
 a continuance arguing he had not been allowed to complete discovery prior to 
 the contempt proceeding.  The family court denied this motion noting any discovery 
 matters between the parties pertained to the merits of the underlying divorce 
 proceedings and not to the contempt action.  
We find no abuse of discretion in the family courts 
 denial of Husbands motion for a continuance.  See Townsend v. Townsend, 
 323 S.C. 309, 313, 474 S.E.2d 424, 427 (1996) (holding a judges ruling on a 
 motion for continuance will not be disturbed absent an abuse of discretion that 
 prejudices the moving party).  The record on appeal indicates that prior to 
 the contempt hearing, Husband was allowed to depose Wife about the incidents 
 giving rise to the contempt action as well as other matters regarding the underlying 
 merits of the divorce proceedings.  Additionally, Husband was provided a full 
 and fair opportunity to question Wife about her allegations in the contempt 
 action and was in no way prejudiced by the courts denial of his request for 
 a continuance.
AFFIRMED.
HEARN, C.J., CONNOR and STILWELL, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.

 
 
 [2]         Husbands attorney did, however, prepare an order staying 
 the sanction pending the courts reconsideration of the matter.  Husbands 
 counsel delivered the proposed order to the court along with a letter stating 
 his intent to move for reconsideration in the event the court granted the 
 stay.  The proposed order is included in the record on appeal, but it was 
 never signed.