THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 Kevin Reid and Rebecca
 Reid,        Respondents,
 
 
 

v.

 
 
 
 Maytag Corporation and Lynch
 Appliance Center, Inc., Defendants, of whom Maytag Corporation
 is,        Appellant.
 
 
 

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No.
2005-UP-425
Heard June 7, 2005  Filed June 30, 2005

AFFIRMED

 
 
 
 William S. Brown and
 Elizabeth M. McMillan, both of Greenville, for Appellant.
 Perry D. Boulier and William
 B. Darwin, Jr., both of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Kevin and
Rebecca Reid recovered a jury verdict against Maytag Corporation in a products
liability action involving a dryer.  Their complaint alleged a design or
manufacturing defect in the dryer caused a fire that destroyed their home. 
Maytag appeals, primarily focusing its arguments upon the trial courts
rulings regarding two non-testifying, informally consulted experts.  We
affirm.    
1.      
We find no error in the trial courts prohibiting Maytag from discovering
information possessed and opinions held by two employees of the Warren Group
whom the Reids consulted informally about the cause of the fire.  Rule
26(b)(4)(A), SCRCP, permits discovery of facts known and opinions held by
experts; however, Rule 26(b)(4)(B), SCRCP, does not require a party to disclose
or produce an expert whom the party merely consulted on an informal basis.[1]  An affidavit submitted by
Jerry Tindal of the Warren Group shows the Reids only consulted the Warren Group
informally about the cause of the fire.  Maytag, though it disputes this,
offered no evidence to the contrary.  Because the evidence supports the
trial courts finding that the Reids only informally consulted the Warren
Group about the cause of the fire, the trial court did not abuse its discretion
in not allowing Maytag to discover information held by the Warren Group.  See 
Dunn v. Dunn, 298 S.C. 499, 502, 381 S.E.2d 734, 735 (1989) (A trial
court judges rulings on discovery matters will not be disturbed on appeal
absent a clear abuse of discretion. (citing Hook v. Rothstein, 281
S.C. 541, 316 S.E.2d 690 (Ct. App. 1984))).[2]
2.      
We find no error in the trial courts prohibiting Maytag from cross-examining
the Reids expert Jerry Byers regarding the inspection of the dryer conducted
by the Reids informally consulted experts, Jerry Tindal and Jeffery Warren of
the Warren Group.  Byers, who issued a report before the Warren Group
conducted any investigation, did not rely on any findings made by Warren Group
experts in forming his opinion regarding the origins of the fire that destroyed
the Reids home.  While, as Maytag correctly points out, Rule 705, SCRE,[3] allows a party to cross-examine an
opposing partys expert as to the facts or data underlying the experts
opinion, the question of whether to permit inquiry on cross-examination into
such facts or data, however, remains subject to the rule that the admission of
evidence and the scope of cross-examination rest within the discretion of the
trial judge, whose exercise of discretion will not be disturbed on appeal absent
an abuse of that discretion.  State v. Slocumb, 336 S.C. 619,
626-27, 521 S.E.2d 507, 511 (Ct. App. 1999).  No abuse of discretion
occurred here, particularly since the record shows the conclusions formed by the
experts in question formed no part of the underlying facts or data that
supported Byers opinion.[4]    
3.      
The trial court committed no reversible error in failing to allow Maytag to call
the two experts whom the Reids informally consulted to testify as to the cause
of the fire and the condition of the dryer because, even assuming this was
error, Maytag suffered no prejudice.  See, e.g., Fields v. Regl
Med. Ctr. Orangeburg, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) (To
warrant reversal based on the admission or exclusion of evidence, the appellant
must prove both the error of the ruling and the resulting prejudice, i.e., that
there is a reasonable probability the jurys verdict was influenced by the
challenged evidence or the lack thereof.); Fishburne v. Short, 268
S.C. 546, 550, 235 S.E.2d 118, 120 (1977) (holding an error without prejudice
does not warrant reversal).  Maytag offered four witnesses of its own who
testified about the cause of the fire and the condition of the dryer.  Any
additional testimony would have been merely cumulative.  See Fields,
363 S.C. at 31, 609 S.E.2d at 512 (When evidence is erroneously excluded by
the trial court, the appellate court usually engages in the following analysis
to determine whether prejudice has occurred.  First, the court considers, inter
alia, whether the error may be deemed harmless because equivalent or
cumulative evidence or testimony was offered . . . .). 
4.      
The trial court committed no abuse of discretion in allowing the Reids to
present evidence regarding the condition of the dryer at trial without requiring
them to establish a chain of custody and committed no error in declining to
instruct the jury regarding chain of custody because the evidence at issue, the
dryer, is a non-fungible item.  State v. Glenn, 328 S.C. 300, 305,
492 S.E.2d 393, 395 (Ct. App. 1997) (stating a strict chain of custody is
not required where the proffered item is non-fungible).
5.      
The trial court committed no abuse of discretion in restricting Maytags
cross-examination of the Reids testifying expert, Jerry Byers, concerning
potential bias due to his work on subrogation issues for insurance companies
such as State Farm, the carrier that insured the Reids home, because of the
potential prejudice that the Reids might suffer if the jury knew they carried
insurance.  See Yoho v. Thompson,  345 S.C. 361, 365,
548 S.E.2d 584, 585 (2001) (holding, absent a manifest abuse of discretion,
an appellate court will not disturb a trial courts ruling concerning the
scope of cross-examination of a witness to test credibility, or to show bias or
self-interest in testifying); id. at 366, 548 S.E.2d at 586 (requiring a
trial court to apply a substantial connection analysis when determin[ing]
whether an experts connection to a [partys] insurer is sufficiently
probative to outweigh the prejudice to the [party] resulting from the jurys
knowledge that the [party] carrie[d] liability insurance). 
AFFIRMED.
GOOLSBY, HUFF, and KITTREDGE, JJ.,
concur.

[1]  Rules 26(b)(4)(A) and (B) state:

 (4)(A) Trial
 Preparation:  Experts.  Discovery of facts known and
 opinions held by experts, otherwise discoverable under the provisions of
 subdivision (b)(1) of this rule and acquired or developed in anticipation of
 litigation or for trial, may be obtained by any discovery method subject to
 subdivisions (b)(4)(B) and (C) of this rule, concerning fees and expenses.
 (B) A party may
 discover facts known or opinions held by an expert who has been retained or
 specially employed by another party in anticipation of litigation or
 preparation for trial and who is not expected to be called as a witness at
 trial, only as provided in Rule 35(b) or upon a showing of exceptional
 circumstances under which it is impracticable for the party seeking discovery
 to obtain facts or opinions on the same subject by other means. A party is not
 required to disclose nor produce an expert who was only consulted informally,
 or consulted and not retained or specially employed.

[2]  We do not ignore Maytags argument that the Reids waived
any protection that could have been afforded the Warren Group documents or
opinions because the Warren Group disclosed the information to Byers, a
testifying expert.  This issue was not properly preserved for appellate
review.  See Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d
122, 124 (1991) (stating where the trial court does not explicitly rule on an
issue a party must make a Rule 59(e) motion to alter or amend the judgment to
address the issue in order to preserve any alleged error for appeal).
[3]  Rule 705, SCRE, provides as follows:

 The expert may testify in terms of
 opinion or inference and give reasons therefor without first testifying to the
 underlying facts or data, unless the court requires otherwise.  The
 expert may in any event be required to disclose the underlying facts or data
 on cross-examination. 

[4]  Had the trial court determined Rule 705, SCRE, allowed
Maytag to cross-examine Byers as to the information developed by the Warren
Group experts, who indicated they saw no physical evidence of any defective
condition in the dryer that might have caused it to catch fire, the trial court,
in the exercise of its discretion, could still have excluded that evidence under
Rule 403, SCRE, using a balancing test.  State v. Slocumb, 336 S.C.
619, 627-28, 521 S.E.2d 507, 511-12 (Ct. App. 1999) (stating the determination
of whether an expert may testify to the facts underlying an opinion must include
an analysis under Rule 403, SCRE); see Rule 403, SCRE (providing
testimony may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, misleading the jury, or
considerations of undue delay, waste of time, or needless presentation of
cumulative evidence).