2272

Nina LANDRY and Charles Landry, Appellants v. HILTON HEAD PLANTATION PROPERTY OWNERS ASSOCIATION, INC., a Corporation; and Tim McBride and Ronald Malphrus, d/b/a Hilton Head Landscape Maintenance, Respondents.

(452 S.E. (2d) 619)

Court of Appeals

*Gregory S. Forman,* Charleston, *for appellants.*

*Scott A. Seelhoff* of *Davis, Tupper & Grimsley,* Beaufort, and *Stephen E. Darling* and *Joseph D. Thompson, III* both of *Sinkler & Boyd,* Charleston, *for respondents.*

Heard Nov. 1, 1994.

Decided Dec. 12, 1994; Reh. Den. Jan. 26, 1995.

GOOLSBY, Judge:

In this premises liability action, Nina Landry sued Hilton Head Plantation Property Owners Association (Association) and Tim McBride and Ronald Malphrus, doing business as Hilton Head Landscape Maintenance (Landscape Maintenance), alleging breach of duties to discover, remedy, and warn about a dangerous condition on a common area of Hilton Head Plantation. Her husband, Charles Landry, sued for loss of consortium under the same theories. The trial court instructed the jury that Mrs. Landry was a licensee as a matter of law. The jury returned a verdict for the defendants. The primary issue on appeal concerns whether Mrs. Landry was a licensee or an invitee. Other issues relate to the exclusion of certain evidence. We reverse as to the Association and remand for a new trial. We affirm as to Landscape Maintenance.

Mr. and Mrs. Landry own a home in Hilton Head Plantation, a gated community that is open only to residents and their guests. The Landrys paid a premium on the price of their home because it is located in this gated community with common recreational areas. Mrs. Landry alleges she fell and broke her wrist when she stepped into a hole while walking across a sidewalk in one of these common areas.

The Association is a corporation that owns and has a contractual duty to maintain the common areas of the Plantation pursuant to the covenants governing the Plantation.[1] As homeowners in the Plantation, the Landrys are automatically members and part owners of the Association. The Landrys, at the time of the accident, paid a mandatory annual assessment of approximately $500. The Association used part of this assessment to maintain the Plantation's common areas.

Landscape Maintenance contracted with the Association to provide landscaping and maintenance services for the Plantation's common areas, including the area where Mrs. Landry fell.

---

[1] At trial, Mrs. Landry expressly disavowed any contractual claim based on a breach of covenant.

## I.

The Landrys first argue the trial court erred in charging the jury Mrs. Landry was a licensee while in the common area where she fell and injured herself.

South Carolina recognizes four classes of persons present on the property of another: adult trespassers, invitees, licensees, and children. F. PATRICK HUBBARD & ROBERT L. FELIX, *THE SOUTH CAROLINA LAW OF TORTS* 76 (1990). A landowner's duty toward a person to maintain his land in a certain condition depends upon the person's status. *Id.*

Because Mrs. Landry is obviously not a trespasser or a child, we must determine whether she is a licensee or an invitee.

In *Neil v. Byrum*, 288 S.C. 472, 343 S.E. (2d) 615 (1986), the supreme court defined a licensee as "a person who is privileged to enter upon land by virtue of the possessor's consent." *Id.* at 473, 343 S.E. (2d) at 616. A licensee has also been defined as one who enters upon the land of another at the "mere sufferance" of the owner with the primary benefit being to the licensee. 62 Am. Jur. (2d) *Premises Liability* § 108 (1990). A landowner owes a licensee a duty to use reasonable care to discover the licensee, to conduct activities on the land so as not to harm the licensee, and to warn the licensee of any concealed dangerous conditions or activities. *Neil,* 288 S.C. at 473, 343 S.E. (2d) at 616; HUBBARD & FELIX at 78.

In *Parker v. Stevenson Oil Co.*, 245 S.C. 275, 140 S.E. (2d) 177 (1965), the supreme court defined an invitee as "one who enters upon the premises of another at the express or implied invitation of the occupant, especially when he is upon a matter of mutual interest or advantage." *Id.* at 280, 140 S.E. (2d) at 179. "Unlike a licensee, an invitee enters the premises with the implied assurance of preparation and reasonable care for his protection and safety while he is there." *Bryant v. City of North Charleston,* 304 S.C. 123, 128, 403 S.E. (2d) 159, 161 (Ct. App. 1991) (citing *RESTATEMENT (SECOND) OF TORTS* § 341A cmt. a (1965)). A landowner owes an invitee a duty of due care to discover risks and to warn of or eliminate foreseeable unreasonable risks. HUBBARD & FELIX at 80.

Mrs. Landry cannot be classified as a licensee because, as a dues-paying member of the Association, she had a right to use the Plantation's common areas and did not need the Association's permission to do so. As we noted earlier, she paid a premium for this privilege. To hold otherwise would put Mrs. Landry, a Plantation property owner, on the same level as a mere visitor to the Plantation.

Mrs. Landry's status while in the Plantation's common areas is most accurately characterized as that of an invitee. The basic distinction between a licensee and an invitee is that an invitee confers a benefit on the landowner. *Crocker v. Barr*, 305 S.C. 406, 409 S.E. (2d) 368 (1991). Because Mrs. Landry pays the Association an annual assessment so it can maintain the common areas for the members, she clearly confers a benefit on the Association that is essential to a principal reason for the Association's existence.[2]

We therefore reverse on this issue as to the Association and remand for a new trial.

We affirm the trial court's holding on this issue, however, as to Landscape Maintenance. Even assuming Landscape Maintenance owed Mrs. Landry a duty, this duty, at most, required Landscape Maintenance to exercise ordinary care in the performance of its contract to avoid foreseeable risks to anyone using the Plantation's property. 65 C.J.S. *Negligence* § 4(11) (1966). Mrs. Landry's status as either a licensee or an invitee does not affect Landscape Maintenance's liability to Mrs. Landry for any negligent performance of its contractual duties.

## II.

The Landrys also argue the trial court erred in excluding two photographs of the hole in question. The trial court excluded these photographs because they

---

[2]*Cf. House v. European Health Spa*, 269 S.C. 644, 239 S.E. (2d) 653 (1977) (a dues-paying health club member is an invitee); *Crocker v. Barr,* 305 S.C. 406, 409 S.E. (2d) 368 (1991) (a church member who confers a benefit upon a church through volunteer work on the church premises creates a jury question as to whether the member is an invitee); *Murphy v. Yacht Cove Homeowners Ass'n*, 289 S.C. 367, 345 S.E. (2d) 709 (1986) (a member of an unincorporated condominium association may sue the association in tort for personal injury allegedly resulting from the association's failure to properly maintain the common areas).

showed subsequent remedial measures.[3]

The trial court has broad discretion to admit or exclude evidence, and "to warrant a reversal, an abuse of discretion amounting to a manifest error of law must be demonstrated." *Hook v. Rothstein*, 281 S.C. 541, 556, 316 S.E. (2d) 690, 700 (Ct. App.), *cert. denied*, 283 S.C. 64, 320 S.E. (2d) 35 (1984).

Generally, evidence of subsequent remedial measures is not admissible to prove negligence. *Bolen v. Strange*, 192 S.C. 284, 6 S.E. (2d) 466 (1939). Although such evidence may be admissible to prove a defect existed at the time of the alleged incident, *Eargle v. Sumter Lighting Co.*, 110 S.C. 560, 96 S.E. 909 (1918), neither defendant denied the existence of the hole in question. Further, the record reflects ample evidence, other than the contested photographs, regarding the existence, dimensions, and location of the hole.

We therefore hold the trial court did not err in excluding this photographic evidence.

### III.

Finally, the Landrys argue the trial court erred in excluding evidence of a liability insurance clause in the contract between the Association and Landscape Maintenance. They claim the insurance clause was relevant to show Landscape Maintenance owed Mrs. Landry a duty of due care.

Again, the trial court has broad discretion regarding the admissibility of evidence. *Hook*, 281 S.C. at 556, 316 S.E. (2d) at 700.

First, the exclusion of this insurance clause did not prejudice the Landrys. The jury had before it all other contract provisions. These provisions clearly set forth Landscape Maintenance's contractual duties regarding ground and site maintenance on the Plantation, which duties included trimming the grass and edging the sidewalks in the common areas. The insurance clause added nothing to these contractual duties.

---

[3]The photographs showed that the hole in question had been partially filled with gravel since Mrs. Landry's accident.

Further, our courts have consistently held the existence and contents of a defendant's liability insurance policy may not be disclosed to the jury. *See, e.g., Dunn v. Charleston Coca-Cola Bottling Co.,* 311 S.C. 43, 45, 426 S.E. (2d) 756, 757 (1993) ("[T]he fact that a Defendant is protected from liability in an action for damages by insurance shall not be made known to the jury."); *Norris v. Ferre,* 315 S.C. 179, 181, 432 S.E. (2d) 491, 493 (Ct. App. 1993) ("[T]he Supreme Court has been meticulous in keeping the issue of insurance coverage away from the jury.").

We therefore hold the trial court did not err in excluding the liability insurance clause because, even if the clause was relevant to the question of duty, the prejudicial effect of its admission would have far outweighed any possible probative value that it might have had. *See State v. Bell,* 302 S.C. 18, 393 S.E. (2d) 364, *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L. Ed. (2d) 182 (1990) (evidence should be excluded if its prejudicial effect outweighs its probative value).

Affirmed in part, reversed in part, and remanded.

HOWELL, C.J., and SHAW, J., concur.