919 So.2d 1000 (2005)
Danny P. GREEN, Lina L. Green and Darrell Lee Bracknel, Appellants/Cross-Appellees
v.
DALEWOOD PROPERTY OWNERS' ASSOCIATION, INC., Appellee/Cross-Appellant.
No. 2004-CA-00700-COA.
Court of Appeals of Mississippi.
June 28, 2005.
Rehearing Denied October 11, 2005.
*1003 Frank H. Shaw, Kosciusko, Jennifer P. Burkes, Gulfport, attorneys for appellant.
Donna Meehan Tankersley, Holmes S. Adams, William C. Brabec, Jackson, Gregory Malta, attorneys for appellee.
Before LEE, P.J., MYERS and BARNES, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Dalewood Lake is a private lake owned and operated by the Dalewood Property Owners' Association (Dalewood). Danny Green and Lina Green own a lot at Dalewood Lake and are members of Dalewood. Under Dalewood's rules, only members, their children and guests who had registered with Dalewood were allowed to access the lake and the other Dalewood facilities.
¶ 2. The Dalewood Property Owners' Association access restrictions in effect as of March 9, 2000, provided in pertinent part as follows:

*1004 Members must appear IN PERSON at the Association office to request a BEACH OR HOUSE GUEST PASS which allows access to any community area, which includes beaches. . . . Requests for beach or house guest passes will not be accepted by telephone. The member must sign a beach or house guest register, listing the names of his guests. . . .
NO guest will be permitted entry to Dalewood property unless:
1. The property owner is present at the gate when his guests arrive; OR
2. The property owner (in person) requests the Association office to issue a beach or house guest pass OR a lot pass in person or by phone. This pass will permit the guest access to the property owner's lot on a specified date only.
3. In all cases the property owner must be with his guest (except approved house guests) at all times while on the Dalewood Property. Gate guards can and will permit emergency entry when necessary.
There are no restrictions on the number of guests a property owner may have but: . . .
2. Guests will not be permitted on the lakes, community areas, beaches or anywhere on Dalewood property unless accompanied at all times by the property owner, or an authorized member of his family . . .
5. NO GUEST WATERCRAFT WILL BE ALLOWED.
(emphasis in original).
¶ 3. During the weekend of July 4, 2000, numerous guests and Dalewood members flocked to the beaches of the Dalewood Lake to enjoy boating, fishing and swimming. A fireworks display was scheduled for the night of July 3, and on that evening the Greens and Darrell Bracknell were aboard the Greens's pontoon boat to view the show. At approximately 11:30 p.m., Clifton Woods, who was intoxicated and driving his bass boat between forty and eighty miles per hour, collided with the Greens's pontoon boat, causing injury to the Greens and Bracknell. Woods was not a member of Dalewood, and although he had registered as a guest with the association earlier in the weekend, his guest pass had expired days prior to the accident. Bracknell was not registered with the association as a guest.
¶ 4. On June 14, 2002, Bracknell and the Greens filed suit against Dalewood and Woods, alleging that both Dalewood and Woods were negligent. Dalewood filed a motion for summary judgment on January 28, 2004, to which the Greens and Bracknell timely replied. On March 8, 2004, the circuit court granted Dalewood's motion for summary judgment, finding that the Greens were invitees of the Dalewood association, but that Bracknell was a licensee of the association. The circuit judge further found that Dalewood was negligent; however, Woods's negligence was a superseding and intervening cause which relieved Dalewood of all liability. The court further found that Dalewood had not breached any duty to Bracknell. The Greens and Bracknell appealed, arguing that the trial court erred in finding the following: (1) that Woods's negligence was a superseding and intervening cause which relieved Dalewood of its negligence and (2) that Bracknell was a licensee, and not an invitee, of Dalewood. Dalewood filed a cross-appeal, asserting that the trial court erred in its sua sponte finding that Dalewood was negligent when no party requested such relief and the Greens and Bracknell did not move for summary judgment on that issue.
¶ 5. Finding that summary judgment regarding Bracknell was proper, we affirm in *1005 part; however, finding that summary judgment on the issue of Dalewood's negligence was improper, we reverse and remand in part.

STANDARD OF REVIEW
¶ 6. This Court applies a de novo standard of review to a grant of summary judgment by the trial court. Leffler v. Sharp, 891 So.2d 152, 156(¶ 9) (Miss.2004). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. (citing Russell v. Orr, 700 So.2d 619, 622(¶ 8) (Miss.1997)). A motion for summary judgment lies only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). This Court does not try issues on a Rule 56 motion; it only determines whether there are issues to be tried. Townsend v. Estate of Gilbert, 616 So.2d 333, 335 (Miss.1993). Where a party opposes summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, and when the moving party can show a complete failure of proof on an essential element of the claim or defense, then all other issues become immaterial, and the moving party is entitled to judgment as a matter of law. Grisham v. John Q. Long V.F. W. Post, No. 4057, Inc., 519 So.2d 413, 416 (Miss. 1988).
¶ 7. In the absence of an exception, Mississippi applies a three-step process to determine premises liability. Titus v. Williams, 844 So.2d 459, 467(¶ 28) (Miss. 2003). First, the injured person is classified as either an invitee, a licensee, or a trespasser. Id. Second, using this identification, the duty which is owed to the injured is determined. Id. The final step is to determine whether this duty was breached by the landowner or business operator. Id.
¶ 8. A landowner owes a licensee a duty to refrain from willfully or wantonly injuring him. Adams ex rel. Adams v. Fred's Dollar Store of Batesville, 497 So.2d 1097, 1100 (Miss.1986) (citations omitted). "A landowner owes a trespasser the duty to refrain from willfully or wantonly injuring him." Id. (citations omitted). A landowner owes an invitee the duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not plain and in open view. Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss. 1992).
¶ 9. Regarding the issue of status, this Court has held "[t]he determination of which status a particular plaintiff holds can be a jury question, but where the facts are not in dispute the classification becomes a question of law for the trial judge." Adams, 497 So.2d at 1100 (citations omitted).
¶ 10. In a negligence action, the plaintiff bears the burden of producing evidence sufficient to establish the existence of the conventional tort elements of duty, breach of duty, proximate causation, and injury. Palmer v. Anderson Infirmary Benev. Ass'n, 656 So.2d 790, 794 (Miss. 1995). Thus, in a summary judgment proceeding, the plaintiff must rebut the defendant's claim that no genuine issue of material fact exists by "producing supportive evidence of significant and probative value; this evidence must show that the defendant breached the established standard of care and that such breach was the proximate cause of [the plaintiff's] injury." Id. Of course, the evidence must be viewed in a light most favorable to the non-moving party. Id.

ANALYSIS

I. STATUS OF THE INJURED PARTIES

*1006 a) Bracknell
¶ 11. "The Mississippi Supreme Court has held that a social guest, or invited guest, is a licensee or one who enters the property for his own benefit, pleasure, or convenience and with implied permission of the owner." Sharp v. Odom, 743 So.2d 425, 428(¶ 5) (Miss.Ct.App.1999) (citing Wright v. Caffey, 239 Miss. 470, 476, 123 So.2d 841, 844 (1960)). The general rule for the duty owed to a licensee is that a host must refrain from willfully or wantonly injuring the guest. Id. Thus, if Bracknell was a social guest of the Greens, he would be classified as a licensee for purposes of premises liability.
¶ 12. Dalewood argues that Bracknell could be classified as a trespasser because he was not registered as a guest in conformity with the association's regulations. Under Mississippi law, a trespasser is a person who
enters on the property of another without any right, lawful authority, or express or implied invitation, permission, or license, not in the performance of any duty to the owner or person in charge or on any business of such person, but merely for his own purposes, pleasure, or convenience, or out of curiosity, and without any enticement, allurement, inducement, or express or implied assurance of safety from the owner or person in charge.
Titus, 844 So.2d at 467(¶ 31) (citing White v. Miss. Power & Light Co., 196 So.2d 343, 349 (Miss.1967)). In this instance the distinction makes little difference, for a landowner owes a licensee and a trespasser the same duty, to refrain from willfully or wantonly injuring him. Adams, 497 So.2d at 1100 (collecting authorities). Regardless of his classification as either a licensee or a trespasser, Dalewood's duty to Bracknell was to refrain from willfully or wantonly injuring him.
¶ 13. To constitute willful or wanton injury, "something more is required to impose liability than mere inadvertence or lack of attention; there must be a more or less extreme departure from ordinary standards of care, and conduct must differ in quality, as well as in degree, from ordinary negligence involving a conscious disregard of a known serious danger." Leffler, 891 So.2d at 159(¶ 22). Bracknell has not shown that Dalewood breached this duty. From the record before this court, it is clear that Dalewood did not remove Woods from the property after his guest pass had expired. It is also clear that Dalewood did not enforce the restriction prohibiting guest boats on the lake. However, from the record before this Court, Bracknell has not shown that Dalewood's lack of attention differs from ordinary negligence, and Bracknell has failed to show that Dalewood willfully and wantonly injured him.
¶ 14. Accordingly, the summary judgment on this issue was appropriate, and Issue II of the appellants's brief lacks merit.

b) The Greens
¶ 15. Reviewing law from other jurisdictions, the trial judge determined that the Greens were Dalewood's invitees. The trial court relied on Landry v. Hilton Head Plantation Property Owners Ass'n, Inc., 317 S.C. 200, 452 S.E.2d 619, 621 (Ct.App.1991). In Landry, the plaintiff, a landowner and dues-paying member of the association, was injured in the common area which was maintained by the association. The South Carolina Court of Appeals determined that Landry was an invitee for purposes of premises liability. The South Carolina Supreme Court defined a licensee as "a person who is privileged to enter upon land by virtue of the possessor's *1007 consent." Neil v. Byrum, 288 S.C. 472, 343 S.E.2d 615, 616 (1986). "A licensee has also been defined as one who enters upon the land of another at the `mere sufferance' of the owner with the primary benefit being to the licensee." Landry, 452 S.E.2d at 621 (citing 62 Am. Jur.2d Premises Liability § 108 (1990)). In South Carolina, a landowner owes a licensee a duty to use reasonable care to discover the licensee, to conduct activities on the land so as not to harm the licensee, and to warn the licensee of any concealed dangerous conditions or activities. Landry, 452 S.E.2d at 621.
¶ 16. In South Carolina an invitee is defined as "one who enters upon the premises of another at the express or implied invitation of the occupant, especially when he is upon a matter of mutual interest or advantage." Parker v. Stevenson Oil Co., 245 S.C. 275, 140 S.E.2d 177, 179 (1965).
¶ 17. In Landry the court found that Landry was properly classified as an invitee. The court opined:
Mrs. Landry cannot be classified as a licensee because, as a dues-paying member of the Association, she had a right to use the Plantation's common areas and did not need the Association's permission to do so. As we noted earlier, she paid a premium for this privilege. To hold otherwise would put Mrs. Landry, a Plantation property owner, on the same level as a mere visitor to the Plantation.
Mrs. Landry's status while in the Plantation's common areas is most accurately characterized as that of an invitee. The basic distinction between a licensee and an invitee is that an invitee confers a benefit on the landowner. Crocker v. Barr, 305 S.C. 406, 409 S.E.2d 368 (1991). Because Mrs. Landry pays the Association an annual assessment so it can maintain the common areas for the members, she clearly confers a benefit on the Association that is essential to a principal reason for the Association's existence.
Landry, 452 S.E.2d at 621. In Mississippi "an invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage . . . A licensee is one who enters upon the property of another for his own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner. . . ." Corley v. Evans, 835 So.2d 30, 37(¶ 21) (Miss.2003). The distinction between a licensee and invitee in Mississippi is similar to the distinction of our sister state South Carolina. The invitee confers a benefit to the landowner, while the licensee enters the land for his own pleasure, benefit, or convenience. "The differences among the categories focus on the owner and whether that person is receiving an advantage, or just permits the presence of the entrant, or actually opposes the entry." Daulton v. Miller, 815 So.2d 1237, 1239(¶ 9) (Miss.Ct. App.2001). Thus, we find that the rationale of the Landry court is persuasive.
¶ 18. The Greens, like Landry, paid their respective association dues for the maintenance and upkeep of the common area at Lake Dalewood. As dues-paying members, the Greens did not need Dalewood's permission to enter the lake, the subdivision, or the common areas owed by the association. Thus, Dalewood is clearly receiving an advantage in the form of membership dues paid by the Greens. Accordingly, as an invitee, Dalewood owed the Greens the duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not plain and open view. Caruso, 598 So.2d at 773. We disagree that there are no genuine issues of material facts in dispute regarding Dalewood's negligence. From the record before *1008 this Court, there are a number of questions to be presented to the jury. Did Dalewood fail to keep the premises reasonably safe in not preventing Woods from bringing his own boat into the Dalewood area when he checked in as a visitor? Furthermore, did Dalewood act reasonably in not removing Woods from the lake during the holiday weekend, especially when the record indicates that during the holiday weekend Dalewood security was within fifteen feet of Woods and his boat? Additionally, were Dalewood's actions reasonable considering the location and layout of the house used by Dalewood to register guests? Accordingly, we find that summary judgment on the issue of Dalewood's negligence was premature.

II. DID THE TRIAL COURT ERR IN FINDING THAT WOODS'S NEGLIGENCE WAS AN INTERVENING, SUPERSEDING CAUSE THAT RELIEVED DALEWOOD PROPERTY OWNERS' ASSOCIATION OF ITS NEGLIGENCE AND THEREFORE ERR IN GRANTING SUMMARY JUDGMENT TO THE ASSOCIATION?
¶ 19. "The Second Restatement of Torts has attempted to draw the dividing line by shielding a defendant from liability if the intervening force can be classed as a `superseding cause.'" Southland Mgmt. Co. v. Brown ex rel Brown, 730 So.2d 43, 46 (Miss.1998) (citing Restatement (Second) of Torts § 440 (1965)). Our supreme court has used the following definition of a superseding cause, which is taken from the Restatement. "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Id. Our supreme court has likewise utilized six factors to determine if an intervening force can be classified as a superseding cause. See Southland Mgmt. Co., 730 So.2d at 46 (citing Restatement (Second) of Torts § 440)). Those six factors are as follows:
(a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;
(b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;
(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;
(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;
(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;
(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.
Id., (citing Restatement (Second) of Torts § 440). "[A]n independent intervening cause is one that could not have been reasonably foreseen by the defendant while exercising due care." O'Cain v. Harvey Freeman and Sons, Inc. of Miss., 603 So.2d 824, 829 (Miss.1991) (citing Kelly v. Retzer & Retzer, Inc., 417 So.2d 556, 562 (Miss.1982); Oliver Bus Lines v. Skaggs, 174 Miss. 201, 210, 164 So. 9, 12 (1935)).
¶ 20. Bracknell and the Greens argue that summary judgment was improper because the existence of an intervening and superseding cause should have been a question of fact for the jury. Bracknell and the Greens further argue that even if *1009 Woods's negligence were an intervening act, under the six factors cited in Southland, Dalewood's negligence in allowing Woods to operate his boat is not superseded by Woods's negligence.
¶ 21. Dalewood argues that Bracknell and the Greens are attempting to hold Dalewood strictly liable for Woods's trespass and unauthorized use of the lake. Dalewood argues that there is no causal link between its conduct and the injuries sustained by Bracknell and the Greens, and that under Southland, Woods's actions constitute an intervening and superseding cause of the accident.
¶ 22. The summary judgment finding Dalewood to be negligent was premature, and we hold that the finding that Woods's action was a superseding and intervening cause is premature as well. "Although not an insurer of an invitee's safety, a premises owner owes a duty to exercise reasonable care to protect the invitee from reasonably foreseeable injuries at the hands of another." Newell v. Southern Jitney Jungle Co., 830 So.2d 621, 623(¶ 6) (Miss.2002) (citing, generally Lyle v. Mladinich, 584 So.2d 397, 399 (Miss.1991); McGovern v. Scarborough, 566 So.2d 1225 (Miss.1990)). Furthermore, our supreme court has held that "the question of superseding intervening cause is so inextricably tied to causation, it is difficult to imagine a circumstance where such issue would not be one for the trier of fact." O'Cain, 603 So.2d at 829. From the record before this Court, it is clear that at the time of the boating accident, Dalewood had a number of entrances, as well as a number of areas from which trespassers could launch onto the lake. It is clear from the record before this Court that Dalewood had a policy forbidding guests to launch their boats on the lake; a natural and probable consequence of a violation of this policy is the presence of boaters who are unaware of the boating rules and regulations at Dalewood. It is also apparent from the record before us that either Woods managed to avoid security, or Dalewood security overlooked his presence. These are questions of fact which are disposed of more appropriately by a jury. We decline to determine as a matter of law that Woods's actions constitute an intervening and superseding cause. We accordingly reverse the summary judgment ruling as to the issue of Woods's negligence.

III. DID THE TRIAL COURT ERR IN FINDING THAT BRACKNELL WAS A LICENSEE AND NOT AN INVITEE?
¶ 23. As addressed in Section I(a) of this opinion, this contention lacks merit.

IV. DID THE TRIAL COURT ERR IN DETERMINING THAT DALEWOOD WAS NEGLIGENT?
¶ 24. On cross-appeal, Dalewood argues that the trial court erred in granting summary judgment in favor of the Greens regarding Dalewood's negligence. Dalewood argues that because neither of the parties requested a finding regarding Dalewood's negligence, the circuit court erred in ruling that Dalewood breached its duty to exercise reasonable care to keep the premises in a reasonably safe condition.
¶ 25. "The grant of [summary] judgment for the nonmoving party clearly is proper if both sides agree that there are no material fact issues and join in the request that the case be decided, for the moving or the nonmoving side, on the basis of a motion for judgment made by only one of them." 10a Wright, Federal Practice and Procedure, § 2720 (2d ed.1983). This Court has previously found that summary judgment in favor of the non-movant may be proper without a cross-motion requesting such relief. *1010 Scottsdale Ins. Co. v. Deposit Guar. Nat. Bank, 733 So.2d 863, 867(¶ 15) (Miss.Ct. App.1999). This result is "is in keeping with the objective of Rule 56 to expedite the disposition of cases and, somewhat more remotely, with the mandate of Rule 54(c) requiring the court to grant the relief to which a party is entitled `even if the party has not demanded such relief in his pleadings.'" Scottsdale, 733 So.2d at 867(¶ 15) (quoting Wright, § 2720). Both this Court and our supreme court have relied on this section of this treatise in support of the holding that "each party by filing a motion for summary judgment has consented to the enforceability of Rule 56 in this case." Scottsdale, 733 So.2d at 867(¶ 15) (quoting Brown v. Credit Center, Inc., 444 So.2d 358, 363 (Miss.1983)). Thus, in utilizing Rule 56, Dalewood consented to the possibility that summary judgment could be rendered for the Greens and Bracknell, without the necessity of a cross-motion requesting such relief. As discussed in Section I of this opinion, summary judgment was improper, not because of the plaintiffs's failure to request summary judgment in their favor, but because there are questions of fact as to the reasonableness of Dalewood's conduct. This assignment of error lacks merit.
¶ 26. Accordingly, we affirm the trial court's determination that Bracknell was a licensee; however, we reverse and remand the summary judgment regarding Dalewood's negligence, as well as the determination that Woods's negligence was a superseding and intervening cause.
¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART ON DIRECT APPEAL AND REVERSED AND REMANDED ON CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY TO THE APPELLANTS/CROSS-APPELLEES AND THE APPELLEE/CROSS-APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.