# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00752-COA

TAMARA RAUSCH                                                        APPELLANT

v.

BARLOW WOODS, INC. (IMPROPERLY                          APPELLEES
NAMED AS BEST WESTERN SEAWAY
INN/MICHAEL'S AND MICHAEL'S NIGHT
CLUB), SHULAR ENTERPRISES, INC., MLS,
INC., AND MICHAEL SHULAR

| | |
|---|---|
| DATE OF JUDGMENT: | 04/08/2015 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | GREGORY W. HARBISON |
| ATTORNEYS FOR APPELLEES: | EDWARD C. TAYLOR STEPHANIE GEE BEAVER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEES |
| DISPOSITION: | AFFIRMED: 11/29/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT**:

¶1.     Tamara Rausch filed suit against Barlow Woods Inc., Shular Enterprises Inc., MLS Inc., and Michael Shular as owners of Michael's Nightclub (collectively "Michael's") for negligently serving alcohol to a visibly intoxicated person in violation of Mississippi Code Annotated section 67-3-73 (Rev. 2012), which proximately caused her injuries.  The Harrison County Circuit Court granted the motion for summary judgment filed by Michael's.  Because

we find Rausch failed to prove Michael's served an intoxicated person and proximately caused her injuries, we affirm the judgment.

FACTS AND PROCEDURAL HISTORY

¶2. On July 7, 2007, Rausch, her sister, Linda Howard, her brother-in-law, Mark Howard, and her cousin, James Rhodes, went to Michael's for drinks. Rausch alleged that all four of them drank earlier in the day and were intoxicated when they arrived at Michael's. While at Michael's, Rausch testified that Mark bought the group numerous rounds of drinks over the course of several hours. Rausch also alleged that the employees at Michael's served Mark alcoholic drinks while he was visibly intoxicated.

¶3. Early in the morning on July 8, 2007, security personnel at Michael's asked the group to leave the premises due to Linda's belligerent behavior. Rausch asserts that the group attempted to remain at the club until a taxi arrived, but Michael's employees insisted they leave. The group then left in Mark's truck, with Mark driving, James in the front passenger seat, and Linda and Rausch in the back. Rausch and Linda then fought with each other in the backseat. At some point, Rausch fell from the vehicle and the rear wheels ran over her, causing significant injuries.

¶4. On July 2, 2010, Rausch filed suit against Michael's alleging that the club proximately caused her injuries by negligently serving alcohol to Mark while he was visibly intoxicated. Rausch asserted that Mark's intoxication inhibited his reaction time in stopping his vehicle and, absent his intoxication, she would not have suffered severe injuries.

¶5. Rausch failed to pursue the case until the circuit-court clerk filed a motion to dismiss

2

for want of prosecution on May 1, 2014. On November 26, 2014, Michael's filed a motion for summary judgment or, in the alternative, to dismiss for lack of prosecution. On March 6, 2015, the circuit court conducted a hearing on the motion. On April 8, 2015, the circuit court granted the motion for summary judgment filed by Michael's, finding that Rausch failed to prove Michael's proximately caused her injuries. Rausch now appeals.

## STANDARD OF REVIEW

¶6. "We review the grant or denial of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the party against whom the motion has been made." *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). Further, "'[q]uestions concerning the construction of contracts are questions of law that are committed to the court rather than questions of fact committed to the fact[-]finder.' We, as an appellate court, employ the de novo standard of review for questions of law." *Dalton v. Cellular S. Inc.*, 20 So. 3d 1227, 1231 (¶8) (Miss. 2009) (quoting *Facilities Inc. v. Rogers-Usry Chevrolet Inc.*, 908 So. 2d 107, 110 (¶5) (Miss. 2005)).

## ANALYSIS

¶7. Rausch asserts the circuit court erred when it found no genuine issue of material fact existed with regard to whether Michael's served Mark when he was visibly intoxicated and whether Mark's intoxication proximately caused Rausch's injuries. We begin with Rausch's first contention.

¶8. Rausch argues Michael's negligently served alcohol to a visibly intoxicated Mark in violation of Mississippi Code Annotated section 67-3-73. Section 67-3-73 generally grants

3

immunity from liability to "any holder of an alcoholic beverage, beer or light wine permit, or any agent or employee of such holder," except under section 67-3-73(4) "when it is shown that the person making a purchase of an alcoholic beverage was at the time of such purchase visibly intoxicated." Rausch contends the exception in section 67-3-73(4) applies because employees at Michael's served Mark alcoholic beverages while he was visibly intoxicated.

¶9.     Rausch supports her claim with her own testimony that Mark consumed numerous alcoholic beverages before arrival and while at Michael's. Also, Rausch stated that Mark bought the group several rounds of beer and liquor throughout the course of the night and purchased a final round of drinks approximately thirty minutes before the group left. Rausch further relies on Officer Justin Branning's deposition testimony and a report created by Dr. James Norris.

¶10.    Officer Branning arrived on the scene of the accident and observed Mark. He testified that Mark exhibited signs of intoxication, such as slurred speech, and he smelled of alcohol. Officer Branning also charged Mark with a DUI when he registered breath-intoxilyzer readings of 0.122 and 0.116 after the accident. Dr. Norris used Mark's intoxilyzer results to determine that Mark likely displayed signs of visible intoxication around the time he purchased alcohol from Michael's. This conclusion, however, is mere speculation as Dr. Norris provided a list of *possible* signs of intoxication rather than any definitive indications. Further, no witness other than Rausch testified to Mark's visible intoxication at the time of his purchase of alcohol. Without more, we cannot find that Michael's served a visibly intoxicated Mark to subject it to liability under section 67-3-73(4).

¶11. Even if Rausch sufficiently proved Michael's served Mark alcohol while he was visibly intoxicated, she must show the actions of Michael's proximately caused her injuries. Rausch contends that Mark's intoxication caused him to refuse to pull over the truck when Linda and Rausch fought and impaired his reaction time once Rausch fell from the vehicle. Mark's actions or inactions while intoxicated, according to Rausch, caused her injuries. Michael's counters that Rausch's exit from the vehicle, either on her own accord or from Linda's actions, was not foreseeable or, in the alternative, constituted a superseding cause. We agree with the position of Michael's.

¶12. To prove liability, Rausch must prove that Michael's served as the proximate cause of her injuries. "Proximate cause requires: (1) cause in fact; and (2) foreseeability." *Johnson v. Alcorn State Univ.*, 929 So. 2d 398, 411 (¶48) (Miss. Ct. App. 2006) (quoting *Ogburn v. City of Wiggins*, 919 So. 2d 85, 91 (¶21) (Miss. Ct. App. 2005)). "'Cause in fact' means that the act or omission was a substantial factor in bringing about the injury, and without it the harm would not have occurred." *Id.* "Foreseeability means that a person of ordinary intelligence should have anticipated the dangers that his negligent act created for others." *Id.* To survive summary judgment, Rausch bore the burden to show a dispute of material facts regarding both elements of proximate cause.

¶13. Looking first to the cause-in-fact prong, Rausch's injuries were caused by the vehicle running over her after she exited the backseat, which Rausch proved. Rausch, however, must also have demonstrated that actions by Michael's substantially contributed to the injury. As previously stated, Rausch failed to establish the alleged negligence by Michael's in serving

5

a visibly intoxicated Mark. Further, Rausch did not demonstrate a connection between the alleged negligence by Michael's and her injuries, as Rausch's ejection from the vehicle did not implicate any act or omission by Mark. Rather Rausch either voluntarily exited the vehicle or Linda caused Rausch to fall from the vehicle. Regardless, Rausch did not link the acts or omissions of either Michael's or Mark to her injuries.

¶14. Rausch attempted to illustrate that Mark's intoxication resulted in a delayed reaction, which prevented him from avoiding hitting Rausch. To support this claim, Rausch relies on a report by Sammy Green, an accident reconstructionist. Green attested that under normal circumstances, Mark would have stopped the truck in 3.5 seconds after the door opened. This reaction time, coupled with Rausch's affidavit that stated the rear door remained open for approximately five to ten seconds before she fell, led Green to conclude that the accident would not have occurred but for Mark's delayed reaction.

¶15. But like Dr. Norris's report, Green's conclusions rely on speculation rather than sufficient facts and reliable methods as required by Mississippi Rule of Evidence 702. Green did not indicate his methods or how he arrived at his conclusion that Mark should have stopped in 3.5 seconds. Also, only Rausch attested that she fell out of the vehicle after five to ten seconds. No other evidence supports Green's claim. Rausch, nevertheless, also needed to demonstrate the foreseeability of her injuries.

¶16. Arguably, Michael's could anticipate injuries sustained in an automobile accident based on the intoxication of the driver. However, "[a] person charged with negligence in that he should have anticipated the probability of injury from an act done by him is not bound

6

to a prevision or anticipation which would include an unusual, improbable[,] or extraordinary occurrence, although such happening is within [the] range of possibilities." *City of Jackson v. Estate of Stewart ex rel. Womack*, 908 So. 2d 703, 712 (¶45) (Miss. 2005) (quoting *Smith v. United States*, 284 F.Supp. 259, 261-62 (S.D. Miss. 1967)). Michael's could not reasonably foresee that Rausch and Linda would fight in the backseat of the vehicle and, as a result, Rausch would fall from the vehicle and sustain injuries. Though an automobile accident might fall within the range of possible injuries, this case is so unusual or extraordinary that it is removed from the realm of foreseeabilty.

¶17. Additionally, Michael's argues Linda and Rausch's fight and Rausch's subsequent fall constitute a superseding cause. "A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." *Green v. Dalewood Prop. Owners' Ass'n*, 919 So. 2d 1000, 1008 (¶19) (Miss. Ct. App. 2005) (quoting Restatement (Second) of Torts § 440 (1965)). "For such [an] intervening and super[s]eding cause to extinguish the liability of the original actor, the cause must be unforeseeable." *Newell v. S. Jitney Jungle Co.*, 830 So. 2d 621, 623 (¶9) (Miss. 2002) (citation omitted). This Court considers the following six factors to determine whether an act constitutes a superseding cause:

> (a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;
>
> (b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him; [and]

(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.

*Green*, 919 So. 2d at 1008 (¶19).

¶18. As previously discussed, Rausch's injuries fell outside of the possible foreseeable consequences to the actions of Michael's. Likewise, the event was an extraordinary occurrence that did not stem as a normal result from the alleged negligence by Michael's. As for the other factors, while Rausch could not state with certainty if Linda ejected her from the vehicle, she did testify that she would not have voluntarily exited the moving vehicle. If Linda did cause Rausch to fall from the vehicle, Linda qualifies as a third person who acted in a wrongful manner toward Rausch and set "the intervening force in motion." *Id.*

¶19. Even if Linda did not push Rausch from the vehicle, the fight between Linda and Rausch ultimately led to the incident regardless of who caused Rausch's exit. Further, there is evidence that Rausch voluntarily exited the vehicle. Officer Branning testified in his deposition that Rausch told him at the scene that she tried to get out of the truck. Rausch, in her deposition, stated she did not recall telling Officer Branning that she jumped out of the truck, but attested in her affidavit that she did not jump. Rather, Rausch contends she was

8

"pushed, kicked[,] or otherwise ejected" from the truck. If Rausch did jump from the vehicle, she likewise fails to prove Michael's is liable as Rausch, who admitted her own intoxication, caused her injuries. *See Bridges ex rel. Bridges v. Park Place Entm't*, 860 So. 2d 811, 818 (¶19) (Miss. 2003) (finding that adults who are voluntarily intoxicated who injure themselves cannot bring suit against an establishment under dram-shop liability).

¶20. Regardless of the manner of Rausch's exit from the vehicle, she failed to prove Michael's served a visibly intoxicated Mark to incur liability under section 67-3-73(4) or that Mark's intoxication proximately caused Rausch's injuries. As there was no genuine dispute of material facts regarding these issues, this Court affirms the circuit court's grant of summary judgment.

¶21. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., ISHEE AND FAIR, JJ., CONCUR. BARNES, WILSON AND GREENLEE, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND CARLTON, J.**

**JAMES, J., DISSENTING:**

¶22. The majority opinion states that the circuit court granted summary judgment because of its finding that Rausch failed to prove that the actions of Michael's Nightclub (Michael's) proximately caused Rausch's injuries. Because I find that Rausch presented genuine issues of material fact, I respectfully dissent.

¶23. Rausch filed suit against Barlow Woods Inc. and Michael Shuler as owners of Michael's in the Circuit Court of Harrison County, Mississippi. The complaint alleged that

9

Michael's negligently served Mark alcoholic beverages while he was visibly intoxicated, which violated Mississippi Code Annotated section 67-3-73 (Rev. 2012). Rausch also alleged that Michael's failed to follow its own alcoholic-beverage policy of ceasing to serve visibly intoxicated patrons. Since Michael's served visibly intoxicated patrons, allowed them to drive, and failed to furnish transportation for them, there were genuine issues of material fact that warranted a trial on the merits.

¶24. At the hearing on the motion for summary judgment, Rausch testified that Mark consumed numerous alcoholic beverages before arriving at Michael's, and also that he was visibly intoxicated while being served additional alcoholic beverages at Michael's. To support her contentions, Rausch relied on Officer Branning's deposition testimony, which established that Mark's blood-alcohol level was well over the legal limit. Rausch bolstered her claim with Dr. Norris's accident-reconstruction report. Dr. Norris's report asserts that Mark's blood-alcohol level established the likelihood that Mark was visibly intoxicated prior to arriving at Michael's. Rausch presented factual issues to be resolved by a jury.

¶25. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to **any** material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c); *see also Duckworth v. Warren*, 10 So. 3d 433, 436 (¶9) (Miss. 2009) (emphasis added). "The moving party has the burden of demonstrating that [no] genuine issue of material fact exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact." *Id.* at 437 (¶9).

10

¶26.    Since the moving party did not demonstrate that no genuine issue of material fact existed, I would reverse and remand this case for trial.

**IRVING, P.J., AND CARLTON, J., JOIN THIS OPINION.**