**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Treca DeShields, Appellant,

v.

JHM Enterprises, Inc., D/B/A Marriott in Charleston County, S.C., Respondent.

Appellate Case No. 2021-001421

———————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-127
Submitted March 15, 2023 – Filed March 29, 2023

———————

**REVERSED AND REMANDED**

———————

Jon Eric Newlon, of McCravy Newlon & Sturkie Law Firm, P.A., of Greenwood, for Appellant.

Helen F. Hiser and Danielle F. Payne, both of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondent.

———————

**PER CURIAM:** Treca DeShields brought this action against JHM Enterprises, Inc., D/B/A Marriott in Charleston County, S.C., (JHM) claiming she suffered personal injury and other damages while staying at one of JHM's hotels. In her

complaint, DeShields alleged that, while she was sitting at a desk in her hotel room, a back panel of the desk fell forward from the wall and hit her right knee, which caused her to pivot and strike her left knee against the fallen panel. The circuit court granted summary judgment to JHM based on a finding that JHM had experienced no prior incidents that could have placed it on notice of the hazard that allegedly caused DeShields's injuries. We reverse and remand.

DeShields testified in a deposition that a JHM employee who came to her room after she was injured stated the panel came loose "again." The evidence before the circuit court also included a photograph of the employee pushing the panel back from the front legs of the desk and a photograph of a power strip at the bottom of the area that had been covered by the desk panel. A JHM maintenance worker testified each of the hotel room desks had a power strip that was supposed to be at the top of the area covered by the desk panel and the desk panel would not close properly if the power strip was out of place. The maintenance worker also acknowledged that "if we have an incident where the wall panel has come open, . . . you just push it back in place."

Based on the foregoing, we hold there was at least a scintilla of evidence that JHM breached its duty of due care "to discover risks and to warn of or eliminate foreseeable unreasonable risks." *LeFont v. City of Myrtle Beach*, 430 S.C. 534, 541, 846 S.E.2d 355, 359 (Ct. App. 2020) (quoting *Landry v. Hilton Head Plantation Prop. Owners Ass'n*, 317 S.C. 200, 203, 452 S.E.2d 619, 621 (Ct. App. 1994)); *see also Bass v. Gopal*, 395 S.C. 129, 134, 716 S.E.2d 910, 912 (2011) ("In a negligence case, where the burden of proof is a preponderance of the evidence standard, the non-moving party must only submit a mere scintilla of evidence to withstand a motion for summary judgment."); *id.* at 134-35, 716 S.E.2d at 913 (indicating the extent of an innkeeper's duty to its guests "may be determined with an analysis of whether the innkeeper knew or had reason to know of a probability of harm to its guests"); *id.* at 135, 716 S.E.2d at 913 ("[A] business owner has a duty to take reasonable action to protect its invitees against the *foreseeable* risk of physical harm."). Accordingly, we reverse the grant of summary judgment and remand the matter to the circuit court for further proceedings.

**REVERSED AND REMANDED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.