# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1292

_____

Sandra Easley,

         Appellant,

v.

American Greetings Corporation,

         Appellee.

\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Arkansas.
\*
\*
\*
\*

_____

Submitted: September 21, 1998
Filed: October 19, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN and KELLY,[1] Circuit Judges.

_____

BOWMAN, Chief Judge.

Sandra Easley brought suit against her former employer, American Greetings Corporation ("American Greetings" or "the company"), alleging the company fired her in 1996 in retaliation for reporting sexual harassment by her supervisor in 1993. The

_____

[1] This opinion is fully consistent with the views expressed by Judge Kelly during the panel's conference following the oral argument of the case. Because of illness, Judge Kelly is presently unable to review the opinion, which is filed without awaiting his express concurrence to avoid undue delay.

District Court[2] excluded certain evidence  Easley sought to introduce, including testimony regarding specific details of the 1993 sexual harassment and testimony concerning incidents involving the person who later became Easley's supervisor and who ultimately fired her in 1996.  The case then went to trial, and the jury found for American Greetings.  The District Court denied Easley's motion for a new trial and entered judgment on the jury verdict.  Easley appeals, arguing the District Court erred in excluding the above-mentioned evidence.  We affirm.

## I.

Easley worked for American Greetings in its Osceola, Arkansas, plant from June 1978 to October 1996.  She started as a forklift driver on the general assembly line and worked her way up to the position of engraver making dies for greeting cards.  In 1993, Easley reported to the company that her supervisor, Ray Ward, was sexually harassing her.  American Greetings conducted an immediate investigation, found evidence of harassment, and terminated Ward's employment five days after Easley made her complaint.

Two months later, the company moved John Hall from its plant in Kentucky to replace Ward as Easley's supervisor.  From the start, Easley and Hall did not have a good relationship.  Hall was a friend of Ward, the supervisor whose termination resulted from Easley's sexual harassment complaint.  Hall warned Easley that she would not intimidate him as she had intimidated Ward.  Hall also subjected the employees under his supervision to more rigorous review than Ward had done.  Easley complained that Hall had particularly targeted her work, and that he had done so because Easley's complaints had caused Hall's friend Ward to be fired.

---

[2]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

While under Hall's supervision, Easley's performance at American Greetings deteriorated. Suffering depression from a recent divorce, her experience with Ward, and other problems, Easley took a four-month medical leave from work. After this leave ended and Easley returned to work, American Greetings permitted Easley to work fewer hours and at a lower level of efficiency than other workers. By May 1994, however, Easley had not returned to what the company considered an acceptable level of performance. American Greetings issued her an "informative" (an informal notice of job deficiency), but Easley's problems continued. She received a formal warning for leaving the plant without notifying her supervisor in 1994, and a second warning for falling asleep on the job in 1995. Throughout 1995 and 1996, Easley had numerous discussions with Hall and other supervisors regarding the need to improve her efficiency levels, and she received additional warnings that her job performance was unacceptable.

In 1995, Easley filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The charge contained two claims: first, that Ward (Easley's former supervisor, who had been fired in 1993) had sexually harassed her; and second, that Hall was retaliating for Easley's 1993 sexual harassment complaint concerning Ward by scrutinizing Easley's work more closely. The EEOC found the first claim was "untimely" and dismissed it, but issued a right-to-sue letter on the second claim. While she was still employed by American Greetings, Easley filed suit for violation of federal and state statutory law and state tort law.

In October 1996, shortly after filing her suit, Easley was fired by American Greetings. Easley filed a second EEOC charge, adding a claim that Hall terminated her employment in retaliation for her 1993 sexual harassment complaint. The EEOC issued a second right-to-sue letter, and Easley amended her complaint to include claims regarding her termination.

Before trial, American Greetings filed a motion in limine regarding numerous evidentiary matters. The District Court's rulings on two of the matters in this motion are the subject of this appeal. First, the District Court granted American Greetings's motion to exclude specific testimony concerning Ward's 1993 harassment of Easley. Second, the District Court excluded testimony about some interactions between Easley and Ward's replacement, Hall, that occurred before Hall became Easley's supervisor. Easley and Hall had met each other at company meetings, through business phone calls, and through similar corporate activities before Hall was transferred to the Osceola plant. Easley claimed that during several work-related telephone conversations in 1992 Hall had invited Easley to meet him for a drink on Beale Street in Memphis. Easley on these occasions declined Hall's invitations. Easley also claimed that during a company meeting in early 1993 Hall had invited her to join him in a hot tub without her swimsuit, another invitation that she declined. Easley sought to introduce the evidence because she felt it would help the jury understand that Hall had fired her because of her 1993 sexual harassment complaint, not because of deficient work performance.

The parties tried Easley's retaliation claim.[3] Easley argued she was retaliated against and fired for reporting Ward's sexual harassment in 1993. American Greetings argued Easley was fired for poor job performance. The jury reached a unanimous verdict in favor of American Greetings. The District Court entered judgment on this verdict. Easley moved for a new trial and, when the motion was denied, entered this appeal.

---

[3]All of Easley's other claims were resolved before trial, either by her dismissal of the claims or by the District Court's grant of American Greetings's motion for partial summary judgment.

This Court will reverse a district court's ruling on the admissibility of evidence only if it finds the district court abused its discretion. See Harris v. Secretary, United States. Dep't of the Army, 119 F.3d 1313, 1321 (8th Cir. 1997). "A district court has wide discretion in ruling on the admissibility of proffered evidence . . . ." Id.

The District Court excluded specific testimony regarding Ward's harassment of Easley because it "would be highly prejudicial . . . and would outweigh any probative effect." Tr. of Prelim. M. at 3 (Sept. 29, 1997). The District Court also indicated specific testimony concerning Ward's harassment would be needless cumulative evidence: "[T]he jury was told generally of the sexual harassment, but the plaintiff was not permitted to go into a blow-by-blow account of Ward's misconduct. It was undisputed, and the jury was informed, that the plaintiff had been sexually harassed by her former supervisor, Ray Ward." Easley v. American Greetings Corp., No. J-C-96-122, at 1 (E.D. Ark. Jan. 2, 1998) (order denying motion for new trial). The District Court thereby invoked Rule 403 of the Federal Rules of Evidence. Rule 403 permits a court to exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

We conclude it was not an abuse of discretion to exclude testimony concerning the specific acts of Ward's harassment on a finding that the danger of unfair prejudice substantially outweighed the probative value of such evidence. The proffered evidence had little probative value, because the severity of harassment would not make it more or less likely for an employer to retaliate against an employee who had complained. The serious nature of the harassment, however, created a risk of unfair prejudice against American Greetings, despite the company's prompt investigation of Easley's complaint and termination of Ward's employment. Such testimony also would

encourage the jury to grant the plaintiff relief on the grounds she had suffered from Ward's conduct, not because she had shown her discharge was retaliation for complaining about Ward's actions.

We next review the decision of the District Court to exclude testimony concerning Hall's alleged overtures to Easley. In its order denying Easley's motion for a new trial, the District Court made clear it excluded this testimony pursuant to Rule 403:

> Had John Hall been the plaintiff's supervisor at the time of the hot tub incident, then that evidence would have been more probative than unfairly prejudicial. In this case, the Court believed that Hall's invitation to join him in a hot tub at a company meeting would have been unfairly prejudicial to Hall since, at the time of the "invitation," it would not have been a violation of Title VII.

Easley v. American Greetings Corp., No. J-C-96-122, at 2 (E.D. Ark. Jan. 2, 1998) (order denying motion for new trial). After a review of the record, we find the District Court did not abuse its discretion when it determined the evidence should be excluded pursuant to Rule 403.

First, the relevance and probative value of the proffered evidence were slight. Testimony concerning Hall's advances would have little relevance to Easley's theory of the case. Before and during trial Easley asserted she had been fired for complaining about Ward's behavior, not for refusing Hall's advances. Testimony that Hall unsuccessfully extended social invitations to Easley on a few occasions would provide little help in convincing the jury that Hall had retaliated against Easley because she had complained about his friend's behavior and had caused that friend to be fired. Easley also admitted in her deposition that Hall had not sexually harassed her, and she did not seek to recover on a hostile-workplace theory for Hall's alleged overtures.

-6-

Second, it is clear that the District Court had a reasonable basis for concluding that the proffered testimony's slight probative value was substantially outweighed by counterbalancing Rule 403 considerations. Admitting the evidence would have opened the door to the introduction of evidence on collateral issues (the existence, context, and appropriateness of Hall's overtures to Easley) that only would prolong the trial and that might confuse the jury. The testimony also would have created a risk of unfair prejudice: the jury might conclude Easley should recover on the grounds that Hall had sexually harassed her or that he had retaliated because she had rejected his advances, when neither of these issues was properly before the jury.

## III.

For the reasons stated above, we conclude the District Court did not abuse its discretion when it excluded the proffered testimony. Therefore, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.