# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3734

_____

John Camp,                                     *
                                               *
                   Appellant,                  *
                                               *   Appeal from the United States
        v.                                     *   District Court for the
                                               *   Eastern District of Arkansas.
Carmike Cinemas,                               *        [UNPUBLISHED]
                                               *
                   Appellee.                   *

_____

Submitted: March 18, 2005
    Filed: March 25, 2005

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

John Camp, a Caucasian male, appeals the district court's[1] adverse judgment under Federal Rule of Civil Procedure 52(c) in his race-discrimination suit against his former employer, Carmike Cinemas (Carmike). We affirm.

Initially, we disagree with Camp that the district court abused its discretion when it excluded the proposed testimony of several witnesses whom Camp had listed on his pretrial exhibit list: Camp never satisfactorily explained how the proposed

_____

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

testimony was relevant to his discrimination suit, and he disclosed the name of only one of the excluded witnesses during discovery. See Troknya v. Cleveland Chiropractic Clinic, 280 F.3d 1200, 1205 (8th Cir. 2002) (affirming court's exclusion of defendant's witnesses that appeared on its trial exhibit list but were not listed in initial disclosures, even if names of witnesses were referenced somewhere during discovery process); Easley v. Am. Greetings Corp., 158 F.3d 974, 975-76 (8th Cir. 1998) (order granting motion in limine to exclude evidence at trial is reviewed only for abuse of discretion); SCNO Barge Lines, Inc. v. Anderson Clayton & Co., 745 F.2d 1188, 1192 (8th Cir. 1984) (court has broad discretion in determining relevance of proffered evidence).

We also reject Camp's claim that the district court improperly granted Carmike judgment at the close of Camp's case. The district court did not clearly err in concluding from the evidence that Carmike did not intentionally discriminate against Camp based on his race. See Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000) (appeals court reviews for clear error findings of facts underlying Rule 52(c) judgments, and reviews de novo conclusions of law); Duffy v. Wolle, 123 F.3d 1026, 1036 (8th Cir. 1997) (reverse-race-discrimination claimant must show background circumstances to support suspicion that defendant is that unusual employer who discriminates against majority), cert. denied, 523 U.S. 1137 (1998); Tuttle v. Henry J. Kaiser Co., 921 F.2d 183, 184-86 (8th Cir. 1990) (on appeal following bench trial, appeals court need only review ultimate factual issue whether defendant intentionally discriminated against plaintiff on basis of his race).

Finally, Camp's challenge to the veracity of trial witnesses is unavailing, see Anderson v. City of Bessemer City, 470 U.S. 564, 574-75 (1985) (as factfinder, district court is entitled to make credibility determinations, and findings based on credibility are virtually never clear error); and we find no abuse of discretion in the district court's decision at trial to allow Carmike to impeach Camp with his deposition testimony, see Fed. R. Civ. P. 32(a)(1) ("Any deposition may be used by

any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence."); Watson v. O'Neill, 365 F.3d 609, 615 (8th Cir. 2004) (evidentiary rulings at trial receive substantial deference on appeal).

Accordingly, we affirm.

_____