BYE, Circuit Judge,
dissenting.
I respectfully dissent. I agree with the majority opinion as to the district court properly dismissing Smith’s sexual harassment claim. Where I part ways with my colleagues is in their affirmance of the district court’s exclusion of “evidence regarding specific incidents and details of the alleged sexual harassment.” Because my belief is Smith did not waive the issue and the district court abused its discretion in excluding this key evidence, I would reverse the district court’s grant of Hy-Vee’s motion in limine.
I
As a threshold matter, I cannot agree with the majority’s finding as to Smith having waived her challenge to the motion by her briefing of the issue in connection with the motion in limine and by failing to make an offer of proof in the district court. The majority views Smith’s trial strategy as limited to revealing Sherri Lynch’s identity and the fact of harassment, concluding Smith “effectively waived any ob *910 jection to the motion in limine except for matters for which it developed she was later allowed to offer evidence to the jury.” Supra at 908. In my view, such interpretation of Smith’s trial plans is unfair. A quick reading of Smith’s response to Hy-Vee’s motion in limine confirms Smith wanted to introduce more than the mere fact of harassment and the identity of the offender. Rather, she pointed to Hawkins v. Hennepin Technical Center, 900 F.2d 153, 155 (8th Cir.1990), in support of her argument she should be permitted to introduce some, albeit not all, details of the underlying incidents to provide context for her retaliation claim. See Smith’s Response to Hy-Vee’s Mot. in Limine, Appellant’s App’x at 840. Absent the ability to discuss the incidents of harassment in some detail, Smith argued, she would be “hamstrung in proving that she had a reasonable, good faith basis for her complaints, which is an element of retaliation.” Id. at 838. In moving to preclude testimony as to Lynch being married, Smith similarly asserted she needs proof of a “reasonable basis for complaining she was ‘dryhumped,’ and being rubbed and touched over her upper body.” Id. at 839-40.
Nor did Hy-Vee itself perceive Smith’s response as forfeiting the point. While Hy-Vee properly recognized Smith wanted to testify to sexual harassment incidents herself, Hy-Vee did not raise the waiver defense — either in the district court or in the circuit court. Given these facts, the majority’s insistence on a more detailed articulation of Smith’s evidentiary strategy in her response brief is unwarranted.
The same is true concerning the majority’s decision on the offer of proof. Under the current version of Federal Rule of Evidence 103,
[e]rror may not be predicated upon a ruling which ... excludes evidence unless a substantial right of the party is affected, and
In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.
Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal.
Fed.R.Evid. 103(a)(2).
The language of the Rule exempting a party from having to renew the offer of proof following a definitive ruling by the court was added in 2000, in recognition of the reality “[w]hen the ruling is definitive, a renewed ... offer of proof at the time the evidence is to be offered is more a formalism than a necessity.” Fed.R.Evid. 103, cmt. 2000 Amendment. Indeed, “[m]otions in limine are designed to avoid the delay and occasional prejudice caused by objections and offers of proof at trial; they are more useful if they can serve these purposes, which they do only if ... offers of proof ... can be foregone safely.” Wilson v. Williams, 182 F.3d 562, 566 (7th Cir.1999). Thus, where a judge has made a definitive ruling before trial, an objection is “unnecessary to prevent error, and it may do little other than slow down the trial.” Id. One additional benefit of bringing a motion in limine in advance of trial is allowing parties to modify their trial strategy depending on the outcome of the motion. Requiring an offer of proof at trial would deprive litigants of such a benefit. Id.
Consistent with the purposes of the 2000 amendment, the Eighth Circuit has previously noted “a party must properly preserve an issue below with an offer of proof *911 unless the evidence was excluded pursuant to a motion in limine.” Moran v. Clarke, 296 F.3d 638, 649 (8th Cir.2002) (en banc) (emphasis added). The majority attempts to discount the weight of this en banc opinion by pointing to two opinions which both predated the 2000 amendment, see Dupre v. Fru-Con Eng’g, Inc., 112 F.3d 329, 336 (8th Cir.1997); Keeper v. King, 130 F.3d 1309, 1315 (8th Cir.1997), and were inconsistent with the law then in place, see Charter v. Chleborad, 551 F.2d 246, 248-49 (8th Cir.1977) (holding that a party was not required to make an offer of proof where the court was “aware of the general nature of the evidence to be offered”). Recognizing the timing problem, the majority contends the 2000 amendment did nothing to alter Rule 103’s substantive standards, and clarifies as to its main contention about “no offer of proof was ever made, not that one was not renewed.” Supra at 909.
I disagree as to Smith’s pre-trial presentation of evidence on the record being inadequate. The purpose of the offer of proof is “(1) to inform the [trial] court and opposing counsel of the substance of the excluded evidence, enabling them to take appropriate action; and (2) to provide an appellate court with a record allowing it to determine whether the exclusion was erroneous and whether [the] appellant was prejudiced by the exclusion.” Kline v. City of Kansas City, 175 F.3d 660, 665 (8th Cir.1999) (internal quotation marks and citation omitted). Hy-Vee’s briefing of the motion in limine, Smith’s response thereto, and the trial court’s order on the issue satisfy both of these purposes, and it is difficult to imagine what more Smith could have done to make her point. See also Black’s Law Dictionary 1190 (9th ed. 2009) (explaining that an offer of proof consists of “(1) the evidence itself, (2) an explanation of the purpose for which it is offered (its relevance), and (3) an argument supporting admissibility”). In addition to the parties’ articulation of proffered evidence in connection with the motion in limine, the district court gained familiarity with the substance of Smith’s allegations when adjudicating the parties’ dispositive motions. See Germano v. Int’l Profit Ass’n, Inc., 544 F.3d 798, 801 (7th Cir.2008) (stating that briefing of the issue in a response to a motion for summary judgment satisfied requirements of Rule 103(a)(2)). Thus, Smith fulfilled her duty of presenting the issue “in a meaningfully developed manner,” Moran, 296 F.3d at 649 (quoting Bratton v. Roadway Package Sys., Inc., 77 F.3d 168, 173 n. 1 (7th Cir.1996)), and did not forfeit its substantive review.
II
This court reviews evidentiary rulings for a clear abuse of discretion. Harris v. Chand, 506 F.3d 1135, 1140 (8th Cir.2007). A district court abuses its discretion if “evidence of a critical nature is excluded and there is ‘no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted.’ ” Elmahdi v. Marriott Hotel Servs., Inc., 339 F.3d 645, 653 (8th Cir.2003) (quoting Adams v. Fuqua Indus., Inc., 820 F.2d 271, 273 (8th Cir.1987)).
Under Federal Rule of Evidence 403, relevant evidence may be excluded “if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.” Although a district court has “wide discretion in admitting and excluding evidence,” Harris, 506 F.3d at 1139, blanket evidentiary exclusions can be especially damaging in employment discrimination cases, where the plaintiff faces the difficult task of convincing the fact-finder to disbelieve the motives articulated by the employer. Estes v. Dick Smith *912 Ford, Inc., 856 F.2d 1097, 1103 (8th Cir.1988), overruled in part on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).
In order to determine whether and to what extent the excluded evidence was probative, it is necessary to review the relevant substantive law. The Missouri Human Rights Act (MHRA) states:
It shall be an unlawful discriminatory practice: ... [t]o retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter....
Mo.Rev.Stat. § 213.070(2).
The Supreme Court of Missouri explained a claim for retaliation shall be proved “by showing the elements required by the MHRA, rather than by reference to cases such as McDonnell Douglas [v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)] analyzing violations of federal law.” Hill v. Ford Motor Co., 277 S.W.3d 659, 665 (Mo.2009). Therefore, in order for Smith to prove retaliation in violation of the MHRA, she must show: (1) she complained of sexual harassment; (2) the employer took an adverse action against her; and (3) a causal relationship between the complaint and the adverse employment action. Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238, 245 (Mo.Ct.App.2006).
Missouri law suggests that to state a claim of retaliation under the MHRA, a plaintiff must show she reasonably believed the conduct complained of violated the MHRA. This court has adopted the “reasonable belief’ standard in Title VII cases, see Peterson v. Scott County, 406 F.3d 515, 525 n. 3 (8th Cir.2005) (stating that “plaintiffs who reasonably believe that conduct violates Title VII should be protected from retaliation, even if a court ultimately concludes that plaintiff was mistaken in her belief’), as well as in a case of retaliation under MHRA, albeit based on the assumption that Missouri law parallels federal law in this area. See Stuart v. Gen. Motors Corp., 217 F.3d 621, 634, 637 (8th Cir.2000). In another case, the Missouri Court of Appeals affirmed a grant of summary judgment in favor of the defendant on the plaintiffs sexual harassment claim, but held the evidence provided a trial-worthy issue on the plaintiffs retaliation claim, thereby implying the relevant criterion is not the actual violation of the statute. Barekman v. City of Republic, 232 S.W.3d 675, 680-82 (Mo.Ct.App.2007). Conversely, although one could argue a plaintiff simply needs to complain of anything he believed to be an illegal practice under the MHRA, such an interpretation would contradict the plain text of the statute, which requires the practice complained of to be “prohibited by the chapter.” Mo.Rev.Stat. § 213.070. Thus, the trial court acted properly when it applied the “reasonable belief’ standard to the MHRA and instructed the jury as such.
Details of workplace harassment are probative to a claim of retaliation because an employee must show that the subject matter of which she complained could be reasonably construed as a “prohibited practice” under the MHRA — in this case, sexual harassment. See Barekman, 232 S.W.3d at 681-82. Details of harassment endured by an employee are also potentially probative to establishing retaliation because the more severe and pervasive the harassment, the more likely it is that an employer will have an unlawful motive for terminating employment. Hawkins, 900 F.2d at 156 (“[A]n atmosphere of condoned sexual harassment in a workplace increases the likelihood of retaliation for com *913 plaints in individual cases.”). More importantly, the more severe and accepted the harassment is in the workplace, the more likely an employee is to complain.
To be sure, this court has recognized the risk of unfair prejudice inherent in providing details of harassment at a trial for retaliation. By allowing evidence of harassment at trial, there is a risk the evidence could “encourage the jury to grant the plaintiff relief on the grounds she suffered” from the prohibited conduct, not because the company retaliated against the employee for complaining. Easley v. Am. Greetings Corp., 158 F.3d 974, 976 (8th Cir.1998). The Eighth Circuit has decided two cases which are sufficiently similar to this case so as to warrant close examination. Both cases were decided under federal law and therefore guide our analysis to the extent the MHRA mirrors Title VII. See Hill, 277 S.W.3d at 665.
In Hawkins, a woman brought a claim of retaliation against her former employer, alleging she was punished for making complaints of sexual harassment. 900 F.2d at 154. At trial, the parties disputed whether sexual harassment actually occurred. The district court prohibited the plaintiff from “introducing any evidence of alleged acts of sexual harassment committed against herself or others.” Id. at 155. When referring to specific incidents which elicited complaints, the plaintiff was only allowed to respond she was transferred “[bjecause [she] felt [she] was being harassed.” Id. at 156. The plaintiff appealed an adverse jury verdict, and this court reversed and remanded for a new trial. The court stated that “some detail about the alleged harassment is necessary to provide a context for the complaints made” in a retaliation claim. Id. The court concluded the district court abused its discretion by limiting the proof of unlawful conduct to “bare allegations” because there must be some indication of the underlying incidents in order for a plaintiff to fully present her claim. Id.
Similarly, in Easley, a woman brought a claim of retaliation against her employer. 158 F.3d at 975. At trial, there was no dispute that sexual harassment occurred; the defendant conceded the point. The district court excluded specific testimony discussing the plaintiffs harassment because it found the prejudicial effects would outweigh the probative value. The “jury was told generally of the sexual harassment, but the plaintiff was not permitted to go into a blow-by-blow account of [the] misconduct.” Id. at 976 (quotation marks omitted). In other words, the plaintiff was able to discuss generally what occurred in the workplace, but could not discuss explicit details. The jury returned a verdict in favor of the employer. On appeal, the court concluded the district court acted within its discretion in excluding evidence, under Rule 403, of specific instances of sexual harassment.
Hawkins and Easley are distinguishable in two important ways. First, the cases differ on whether sexual harassment occurred. In Hawkins, the employer argued sexual harassment did not occur; in Easley the fact of harassment was undisputed. Also, the amount of evidence which was submitted at trial differed between the two cases. In Easley, the court allowed the plaintiff to discuss generally the harassment that occurred. However, in Hawkins the district court ruled the plaintiff could not introduce any evidence of the alleged sexual harassment. In comparing these two cases, it is clear the “bare allegations” do not allow a plaintiff to fully present her retaliation claim. However, when it is undisputed that harassment has occurred, the probative value of detailed evidence of sexual harassment is diminished.
*914 Returning to the evidentiary issue at hand, I would conclude the district court, like the district court in Hawkins, abused its discretion in excluding the evidence of specific instances of sexual harassment. Unlike in Easley, where it was undisputed as to harassment having occurred, the issue of whether Lynch’s conduct constituted harassment was hotly disputed. This is evidenced by the summary judgment hearing where Hy-Vee argued, under the authority of Clark County School District v. Breeden, 532 U.S. 268, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001), that the district court should conclude that no reasonable person could have believed the incidents complained of by Smith violated the MHRA. Although the district court rejected this argument, the court gave the instruction that the plaintiff needed to prove she “reasonably and in good faith believe[d]” the conduct was sexual harassment. Thus, Smith still had the burden of proving at trial the conduct she complained of violated the MHRA. During the course of the trial, however, the district court’s evidentiary ruling prevented Smith from giving details of the harassment of which she complained. The only testimony Smith was allowed to introduce regarding the “dry-humping” incident was that in May 2006, there was a “particular incident involving Ms. Lynch that [she] reported to management” as she thought the incident was serious. Trial Tr. at 353. The district court’s ruling on the motion in limine prevented the jury from hearing the basis on which to decide whether Smith was reasonable in believing the conduct she complained of was prohibited by the MHRA. Therefore, the evidentiary restriction imposed by the district court unfairly prevented Smith from proving her case, which is an abuse of discretion. See Hawkins, 900 F.2d at 155-56.
Ill
I would reverse the judgment of the district court in part and remand for further proceedings.